Ronald D. Krist, Harvill E. Weller, Houston, for respondent.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Relator,**

v.

**Hon. Carroll E. WILBORN, Jr., Judge of the 334th District Court, Respondent.**

**No. C14–92–00420–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 30, 1992.

Rehearing Denied Sept. 3, 1992.

## OPINION

JUNELL, Justice.

In this original proceeding for writ of mandamus relator seeks an order from this court requiring Hon. Carroll E. Wilborn, Jr., Judge of the 334th District Court, Chambers County, to vacate the denial of the motion for separate trials and plea in abatement. We conditionally grant the relief requested.

The parties involved in this suit include the relator, State Farm Mutual Automobile Insurance Company, who is the defendant in the pending suit, Respondent Hon. Carroll E. Wilborn, Jr., who is the District Judge presiding over the case, and the real party in interest, Cherie Shafer, who is the plaintiff in the trial court.

This mandamus arises from the trial court's denial of relator's motion for separate trials and for severance, and plea to abate the bad faith claim until the unin-

sured motorist claim is resolved. After the plaintiff's deposition was taken, an amended motion for separate trials and severance of the causes of action and plea in abatement was filed, and the judge also denied that motion. The real party in interest sued the relator to recover under the uninsured motorist provision of the policy, and also to recover damages from relator for alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act, the Insurance Code, and breach of the duty of good faith and fair dealing. Prior to the filing of this lawsuit relator offered $20,-000.00 in settlement of the uninsured motorist claim. The policy limits on the uninsured motorist claim were $50,000.00. During the real party in interest's deposition, she testified that the grounds for her bad faith cause of action focused on the amount of the settlement offer.

■ Relator urges in its petition for writ of mandamus that the trial of these two causes of action together would be highly prejudicial, and that this prejudice entitles it to the relief requested in this mandamus proceeding. Relator argues that the offer of settlement would be highly prejudicial and not admissible in a trial of the uninsured motorist cause of action but that in the trial of the bad faith cause of action the offer is likely relevant and admissible. Relator further asserts that in a trial of these two matters together the offer of settlement could be admitted in evidence by the court and would result in prejudice with regard to the uninsured motorist claim. We agree with relator.

■ The relator in a mandamus proceeding has the burden to establish that under the circumstances of the case the facts and law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The issuance of a writ of mandamus has been held to constitute justified interference in the trial process when the parties stand to lose a substantial right. *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648 (1958).

Under Rule 408 TEX.R.CIV.EVID. settlement offers are not admissible to prove liability for, or invalidity of, the claim or its amount. It has long been the law in this state that offers of settlement and compromise are excluded in order to allow a party to buy his peace and encourage settlement of claims outside of the courthouse. *International & G.N.R. Co. v. Ragsdale*, 67 Tex. 24, 2 S.W. 515 (1886). Offers to settle are also excluded from evidence on the grounds that "such evidence does not represent a party's actual position, but is an amount he is willing to give or take to avoid the expense or annoyance of litigation." *Krenek v. S. Texas Elec. Coop. Inc.*, 502 S.W.2d 605, 609 (Tex.Civ.App.—Corpus Christi 1973, no writ). Clearly if the two suits were tried separately, the evidence of the offer to settle would not be admissible in the underlying uninsured motorist case.

A separate trial of any separate claim or issue may be ordered by a court in furtherance of convenience or to avoid prejudice. TEX.R.CIV.P. 174(b). "A severance is appropriate if a controversy involves two or more separate and distinct causes of action, each of which might constitute a complete lawsuit within itself." *St. Paul Insurance Co. v. McPeak*, 641 S.W.2d 284, 289 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The cases delineate three controlling reasons for the grant of a severance including (1) the doing of justice; (2) the avoiding of prejudice; and (3) the furtherance of convenience. *Utilities National Gas Corp. v. Hill*, 239 S.W.2d 431, 434 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.); *Id.* at 289. Uninsured motorist claims and bad faith claims have been recognized as separate and distinct causes of action, each of which might constitute a complete lawsuit within itself. *Maryland American General Insurance Company v. Blackmon*, 639 S.W.2d 455 (Tex.1982); *Service Lloyds Ins. Co. v. Clark*, 714 S.W.2d 437 (Tex.App.—Austin 1986, writ ref'd). The trial court has wide discretion to order or not order separate trials when judicial convenience is served and prejudice avoided. *Simpson v. Phillips Pipe Line Company*, 603 S.W.2d 307 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

The facts and circumstances of this case indicate that under the prevailing law the trial court had but one decision to make and that was to grant the motions for separate trials or severance of the two causes of action and sustain the plea in abatement. Both parties would lose a substantial right in the trial of the two matters together. Relator would lose the protection provided under the law for offers of settlement which represent only the party's desire to avoid litigation. The admission of the offer to settle in the trial of the uninsured motorist claim would violate the basic rule that settlement offers are not admissible to show liability for or invalidity of the claim or its amount. The denial of the real party in interest's right to admit the settlement offer in the trial of the bad faith claim would deny her a substantial right.

This case meets the requirements for the granting of a motion for separate trials or severance. The causes of action represent two separate and distinct claims, each of which could constitute a lawsuit within itself. Severance of the claims would avoid prejudice to both parties with regard to the use of the settlement offer in evidence and would also serve the interest of justice. The trial court stated and the real party in interest asserts on appeal that the interests of the parties can be protected by giving a jury instruction on how to consider evidence of the offer of settlement. This simply is not sufficient to prevent the prejudice of relator's substantial right in the uninsured motorist clause not to have evidence of a settlement offer interpreted as an admission of liability. The resolution of this conflict leaves but one decision to protect all interests involved and that is to order severance of the two causes of action and to abate the proceedings on the bad faith claim until final disposition of the uninsured motorist claim.

Accordingly we conditionally grant relator the relief requested in its petition for writ of mandamus. The Hon. Carroll E. Wilborn, Jr., Judge of the 334th District Court of Chambers County is directed to vacate his orders of May 20, 1991 and January 3, 1992 denying State Farm's motion for separate trials, for severance and plea in abatement. We direct said Respondent to grant the amended motion for separate trials, and for severance of the two causes of action, and to order abatement of all proceedings on the bad faith cause of action until final disposition of the uninsured motorist cause of action. We assume Respondent will comply with the directions contained in this opinion. Writ of mandamus will issue only if he fails to do so.