## NORTHWESTERN NATIONAL LLOYDS INSURANCE COMPANY, Relator,

v.

## The Honorable Neil CALDWELL, Judge 23rd Judicial District, Brazoria County, Respondent.

No. C14–93–00489–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1993.

William R. Crow, Jr., Marie Miller, San Antonio, for relator.

Marcus F. Schwartz, Hallettsville, Joe W. Redden, Jr., David E. Lueders, Phillip A. Donisi and Todd M. Lonergan, Houston, for respondent.

Before ROBERTSON and CANNON, JJ., and ROBERT E. MORSE, Jr., J., Sitting by Designation.

## OPINION

ROBERTSON, Justice.

Relator, Northwestern National LLoyds Insurance Company, seeks an order from this court requiring the Honorable Neil Caldwell, respondent, to vacate the denial of the motion for severance of two causes of action and plea in abatement. We conditionally grant the writ.

The underlying lawsuit arose from an automobile accident between Robert Sumbera and Mary Harper. Sumbera, an employee of Brasher Motors Company, was test-driving a customer's vehicle at the time of the accident. Harper drove a vehicle allegedly owned by Anchorage Farm and partners Paul Harper, Mary Harper, and Durwood Harper.

Sumbera and his wife, Beatrice, real parties in interest, brought suit against relator, Harper, and Anchorage Farm and its partners in July 1992. Several other insurance companies were also named. In December 1992, the Sumberas filed a supplemental petition alleging that relator acted in bad faith with regard to the denial of their claim. Relator originally filed a motion to sever and abate the extra-contractual claims from the Sumberas' contract claims in January 1993. This motion was denied. A court reporter was not available at this hearing, and relator sought a rehearing of its motion. Respondent granted a rehearing and set it for hearing in April. In February, relator made a settlement offer to the Sumberas which was rejected. On April 26, 1993, a hearing was held regarding relator's motions. Again respondent denied the motion to sever and abate the Sumberas' extra-contractual claims from their contractual claims against relator.

Realtor seeks this writ to avoid the prejudicial effect that could occur from the trial of these two causes of action together. Relator maintains that evidence of a settlement offer would not be admissible and would be highly prejudicial in a trial of the underinsured motorist cause of action, while it would be

admissible in the bad faith cause of action. If the two were tried together, relator contends the Sumberas would be allowed to bring forward evidence of the settlement offer, and this would result in prejudice to the underinsured motorist claim.

In determining whether the writ of mandamus should issue, we must determine whether the trial court clearly abused its discretion and whether relator has an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). The relator must establish that the trial court could reasonably have reached but one decision. *Id.* at 840.

The facts of this proceeding are almost identical to two cases recently decided by this court and the first court of appeals. *See State Farm v. Wilborn,* 835 S.W.2d 260 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding); *U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). In both cases, writs were granted based on the prejudice faced by the parties in a trial of contractual claims along with causes of action based on bad faith. *Id.* This court found that the trial judge had but one decision to make and that was to grant the motions for separate trials or severance of the two causes of action and sustain the plea in abatement. *Wilborn,* 835 S.W.2d at 262.

We agree that the trial court's order causes both the relator and the Sumberas to lose a substantial right if the two causes are tried together.

[r]elator would lose the protection provided under the law for offers of settlement which represent only the party's desire to avoid litigation. The admission of the offer to settle in the trial of the [underinsured] motorist claim would violate the basic rule that settlement offers are not admissible to show liability for or invalidity of the claim or its amount. The denial of the real party in interest's right to admit the settlement offer in the trial of the bad faith claim would deny [them] a substantial right.

*Id.* The Sumberas claim that they do not intend to raise the issue of settlement at trial. They further claim that the settlement offer is not admissible because it occurred after the denial of the claim. Their position is based on language from the supreme court stating that the reasonable basis for denial of a claim must be judged by the facts before the insurer at the time of the claim was denied. *Viles v. Security Nat. Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990).

The Sumberas reliance on *Viles* is misplaced. The insurance company in *Viles* attempted to justify the denial of the claim on the fact that the insured did not timely file a proof of loss form. *Id.* However, the denial of the claim occurred before the proof of loss was due. *Id.* Therefore, the insurance company could not attempt to justify their denial on facts that arose after the denial. The holding in *Viles* does not prevent a plaintiff, in a bad faith cause of action, from introducing an offer of settlement made by an insurance company. It certainly does not take away the right of relator to introduce its offer in light of the Sumberas claim for exemplary damages. Relator has a substantial right to show that it did attempt to settle the claim at some time during the process.

The Sumberas also claim that the severance of the two causes of action violates the mandate of the supreme court to try the these types of cases together whenever possible. *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 168 n. 1 (Tex. 1987). However, the court also said these two causes of action should only be tried together "when it may be done without undue prejudice to the rights of the parties." *Id.* The Sumberas have not shown this court how a single trial would not at least severely prejudice the rights of relator.

The Sumberas brought to the attention of this court the fact that respondent has recently granted their motion for summary judgment on the issue of coverage, thereby deciding the coverage issue. At submission of this case, counsel for the Sumberas claimed that since the coverage issue had been resolved as a matter of law, relator

would not be prejudiced if the evidence of a settlement offer is introduced at trial. The Sumberas were invited to fully develop this contention with a post-submission brief, but we have not received any argument or authority to support their position nor do we understand how resolution of the coverage issue as a matter of law would take away the prejudice of the introduction of any settlement offers.

A separate trial of any separate claim or issue may be ordered by the court in furtherance of convenience or to avoid prejudice. TEX.R.CIV.P. 174(b). The apparent certainty of substantial prejudice faced by relator establishes the requirements needed for the granting of a motion for separate trials or severance.

■ Mandamus is intended to be an extraordinary remedy. *Walker*, 827 S.W.2d at 840. As such, it is available only in limited circumstances. *Id.* A writ of mandamus will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989)). The requirement that those seeking mandamus relief demonstrate the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus law. *Id.* The trial of the contractual claims, along with the bad faith claims would not afford relator an adequate remedy by appeal. *Millard*, 847 S.W.2d at 675–76.

We conditionally grant relator the relief requested in its petition for writ of mandamus. The Honorable Neil Caldwell, Judge of the 23rd District Court of Brazoria County, is directed to vacate his order of April 29, 1993 denying relator's motion for severance and plea in abatement. We direct said respondent to grant the amended motion for severance of the two causes of action, and to order abatement of all proceedings on the bad faith cause of action until final disposition of the underinsured motorist cause of action. We assume respondent will comply with the directions contained in this opinion.

Writ of mandamus will issue only if he fails to do so.