**MID–CENTURY INSURANCE COMPANY OF TEXAS,**
Relator,

v.

**The Honorable Allen LERNER, Judge, 56th Judicial District, Galveston County, Texas, Respondent.**

No. 14–95–00274–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 8, 1995.

Rehearing Overruled June 26, 1995.

Joe W. Redden, Jr., Linda K. McCloud, Norman Snyder, Jr., Houston, for relator.

David L. Sheller, Timothy A. Beeton, Sharon Hemphill, Houston, for respondent.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

In this original proceeding, Mid–Century Insurance Company of Texas ("Mid–Century"), the relator herein, urges this Court to issue a writ of mandamus to the respondent, the Honorable Allen Lerner, Judge of the 56th Judicial District Court, directing him to: (1) set aside his orders of February 23, 1995, and February 28, 1995; and (2) enter an order continuing the severance and abatement of Ingrid Norris' "contract claim" from her "bad faith claims." We conditionally grant the writ.

On May 21, 1990, the real party in interest, Ingrid Norris ("Norris"), was involved in an automobile accident with an underinsured motorist, Juan Bejarano. At the time of the accident, Norris owned an underinsured motorist insurance policy with Mid–Century. The policy had a coverage limit of $50,000. Dissatisfied with the settlement offer, Norris filed suit against Mid–Century alleging breach of contract and bad faith claims. On February 2, 1994, Mid–Century filed a motion to sever and abate Norris' bad faith claims from her breach of contract claim. After a hearing, respondent granted Mid–Century's motion and entered an order severing Norris' bad faith claim from the breach of contract claim. Respondent further ordered proceedings on the bad faith claim abated until resolution of the contract claim.

In October, 1994, the contract claim was tried before a jury. Norris was awarded damages and exemplary damages well in excess of the policy coverage limits. Norris moved for entry of final judgment, plus prejudgment and postjudgment interest. In opposing the motion for entry of judgment, Mid–Century argued that Norris' recovery was limited to policy limits.

In January, 1995, Norris began discovery on her bad faith claims. In response, Mid–Century moved for a protective order staying discovery in the bad faith action until the breach of contract claim reached full and final resolution. Mid–Century also moved to continue the severance and abatement of the bad faith claims.

After a hearing on February 23, 1995, respondent entered an "Interlocutory Judgment" awarding Norris $50,000 plus prejudgment and post judgment interest. At Norris' request, respondent also reconsolidated the severed claims. On February 28, 1995, respondent denied Mid–Century's motion to continue the severance and abatement and motion for protection.

Norris' bad faith claims are set for trial June 19, 1995.

■ Mandamus is an extraordinary remedy available only in limited circumstances and a writ of mandamus will not issue if there is an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). In a mandamus proceeding, therefore, the court must determine whether: (1) the relator has an adequate remedy by appeal; and (2) the trial court abused its discretion in entering the order under complaint. *Plaza Court, Ltd. v. West,* 879 S.W.2d 271, 275 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding). Relator bears the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994).

■ A trial court abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker,* 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In other words, a trial court abuses its discretion if it acts without reference to any guiding rules or principles of law. *Plaza Court,* 879 S.W.2d at 275 (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)). A determination of factual matters is within the sound discretion of the trial court, and the appellate court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839. However, appellate review of a trial court's legal analysis or its application of the law to the facts is much less deferential. *Id.* at 840. A trial court's failure to analyze the law properly or to apply it properly to the facts will constitute an abuse of discretion. *Id.*

In its petition for writ of mandamus, Mid–Century argues respondent abused his discretion: (1) in entering the orders of February 23 and 28, 1995; and (2) in refusing to enter an order continuing the severance and abatement of the bad faith claims. We agree.

■ Norris' bad faith claims are contingent on final disposition of her contract claim. The final judgment in the contract case was rendered interlocutory when respondent ordered it reconsolidated with the pending bad faith claims. While the claims are consolidated, Mid–Century cannot appeal the contract judgment until the bad faith

claims have been tried and a final judgment signed.

■ During the trial of the bad faith claims, Mid–Century may wish to waive its attorney-client privilege, produce correspondence concerning settlement discussions with counsel and written evaluations of the underlying contract case. Once produced, the privilege protecting these documents will be forever waived. *See* Tex.R.Civ.Evid. 511. Mid–Century's other choice would be to limit its defense in the bad faith case so as to preserve its attorney-client privilege in any new breach of contract case that might arise from a successful appeal. Mid–Century should not be forced to make this decision.

Relator is also irrevocably harmed by virtue of the fact that during the pendency of the reconsolidated case, interest accrues unabated on the breach of contract judgment. Mid–Century is unable to appeal the judgment because of its interlocutory nature. When it offered to pay Norris the $50,000 awarded in the contract suit, its tender was rejected. Mid–Century does not have an adequate remedy by appeal.

■ We also find respondent abused his discretion in reconsolidating Norris' claims. This court has previously held it is an abuse of discretion for a trial court to refuse to sever and abate extra-contractual claims from a breach of contract claim when the extra-contractual or bad faith claims are based on an inadequate settlement offer. *See Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46–47 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). *See also F.A. Richard & Assoc. v. Millard*, 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668

(Tex.App.—Houston [1st Dist.] 1993, orig. proceeding).

■ In this case, the trial court correctly granted Mid–Century's motion to sever and abate as required by *Wilborn*. The specific question presented here, however, is whether it is an abuse of discretion to reconsolidate a breach of contract claim with extra-contractual claims after the trial on the breach of contract action has been tried to a verdict and an interlocutory judgment entered. The record before us establishes that Norris' extra-contractual claims were based, at least in part, on an alleged inadequate settlement offer by relator. Thus, pursuant to *Wilborn* and *United States Fire*, severance and abatement were necessary.[1] *United States Fire*, 847 S.W.2d at 673; *Wilborn*, 835 S.W.2d at 262.

Norris contends that because a separate trial was held on the contract claim, Mid–Century has received all the relief to which it is entitled and reconsolidation was proper. We conclude, however, that the breach of contract action has not been fully and finally resolved and that reconsolidation may result in substantial prejudice.

In *Wilborn*, this Court held that the breach of contract claim and the extra-contractual claims had to be severed and the extra-contractual claims abated "until final disposition of the uninsured motorist claim," i.e., the breach of contract claim. 835 S.W.2d at 262. In *United States Fire*, the First Court of Appeals followed *Wilborn's* rationale and directed the trial court to sever and abate all proceedings on the bad faith claim "pending full and final resolution of the plaintiffs' uninsured motorist claim." 847 S.W.2d at 676. In this case, there has been no full and final resolution of the contract claim. There is only an interlocutory judgment on the contract claim. Mid–Century, therefore, is still subject to the prejudices and difficul-

---

1. Under certain circumstances extra-contractual and contractual claims may be tried together. *See, e.g., Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 168 (Tex.1987). However, in cases where the extra-contractual claims are based on inadequate settlement offers, the trial court has but one course of action, namely, to grant a severance and abatement. *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44,

46–47 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assoc. v. Millard*, 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Automobile Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding).

ties faced by a defendant who is initially denied severance and abatement in the same circumstances. A separate trial alone is insufficient to alleviate these problems.

The extra-contractual claims alleged by Norris depend on the final outcome of the contractual cause of action. On appeal, the contractual claim could be reversed in favor of relator and the extra-contractual claims thereby eliminated. Or, on appeal, the case could be reversed and remanded for a new trial. On retrial, the damages assessed, if any, could be in an amount equal to or less than relator's highest settlement offer. In that instance, Norris' extra-contractual claims would be rendered moot because those claims are based on the alleged inadequacy of Mid–Century's settlement offer. *See United States Fire*, 847 S.W.2d at 673. It would be a waste of judicial resources to try the extra-contractual claims when a finding on appeal or on retrial could be peremptorily dispositive. *Id.*

As we have already observed, the reconsolidation may jeopardize Mid–Century's attorney-client privilege. In addition, without a final judgment on the contract claim, Mid–Century cannot file an appeal on the contract action and thereby seek a reversal that might ultimately eliminate the extra-contractual claims. In the interim, interest on the judgment is continuing to accrue. Finally, unless the severance is extended, Mid–Century will be put to the expense and inconvenience of trying a claim that may be eliminated on appeal or on retrial. We hold that respondent abused his discretion and reconsolidation was improper under the facts of this case. The breach of contract claim and the extra-contractual bad faith claims must be severed. In addition, the bad faith claims must be abated until the breach of contract issue is finally resolved for all purposes.

Norris cites several cases in support of her argument that the trial court did not abuse its discretion in reconsolidating her claims. [*See Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 776, 777 (Tex.App.—El Paso 1993, orig. proceeding); *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189 (Tex.App.— Corpus Christi 1993, orig. proceeding); *Lusk v. Puryear*, 896 S.W.2d 377 (Tex.App.— Amarillo 1995, orig. proceeding) ]. All of these cases are distinguishable on the facts from our case and from those authorities we have determined to be controlling. *See Wilborn, United States Fire, F.A. Richard* and *Caldwell.*

In this case we have two separate and distinct causes of action, a breach of contract claim and bad faith claims. The extra-contractual claims of bad faith are based, in part, on an allegedly inadequate settlement offer.

In *Progressive* there were no indications of any settlement offers having been made, and no indication that the privileged information might be admissible in one case, but not the other. 856 S.W.2d at 779. *Allstate Ins. v. Hunter* is distinguishable because the extra-contractual claims were not predicated on the alleged inadequacy of any settlement offer. 865 S.W.2d 189. *Lusk* does not apply because it did not involve two separate and distinct causes of action. 896 S.W.2d 377 (Tex.App.—Amarillo 1995, orig. proceeding).

We hold that relator is entitled to relief by writ of mandamus. We direct respondent to: (1) vacate his order of February 23, 1995, granting Norris' motion to reconsolidate; (2) vacate his order of February 28, 1995, denying relator's motion to continue severance and abatement and motion for protective order; (3) grant relator's motion to continue severance and abatement and motion for protective order; (4) abate all proceedings on Norris' extra-contractual claims pending full and final resolution of the breach of contract claim; and (5) enter a final judgment in the breach of contract claim. The writ of mandamus is conditionally granted and will issue only if respondent fails to comply with the decision of this court.