**LIBERTY NATIONAL FIRE INSURANCE COMPANY, Relator,**

v.

**The Honorable Ted AKIN, Respondent.**

No. 95–1283.

Supreme Court of Texas.

Argued March 20, 1996.

Decided July 8, 1996.

Rehearing Overruled Sept. 19, 1996.

**628**

Larry L. Gollaher, James Edward Turner, Dallas, for Relator.

James A. Pikl, Dallas, for Respondent.

Justice CORNYN delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice ENOCH, Justice SPECTOR and Justice BAKER join.

In this mandamus proceeding, we decide whether the trial court abused its discretion when it denied the insurer's motion to sever and try a breach of contract claim before proceeding to try a bad faith insurance claim. We hold that it did not, and therefore deny the writ.

## I.

The lawsuit underlying this original proceeding arose out of claims by Jennifer Brodrick against her homeowner's insurance carrier, Liberty National Fire Insurance Company. On September 1, 1993, Brodrick discovered that a shifting foundation had damaged her house. She retained an engineer to identify the source of the problem. The engineer eventually concluded that a water leak under the slab had caused settling and the resulting damage.

In the belief that her homeowner's insurance policy covered this damage, Brodrick made a claim. After Liberty National sent an adjuster to her home to investigate, the adjuster reported to Brodrick that the claim was not covered. Although the insurer also had a second engineer investigate, it ultimately denied the claim.

Brodrick then filed suit against Liberty National for breach of contract, violation of the Texas Insurance Code and the Texas Deceptive Trade Practices–Consumer Protection Act, and breach of the duty of good faith and fair dealing. Arguing that certain evidence admissible on the bad faith claim would be inadmissible on the contract claim, Liberty National moved to sever Brodrick's breach of contract claim from her bad faith claim. The company also sought to abate the bad faith claim until the contract claim was finally resolved. When the trial court denied those motions, Liberty National filed an original proceeding in the court of appeals. After that court denied relief, Liberty National sought mandamus relief in this Court from the trial court's denial of its motions.

Liberty National argues that a trial of Brodrick's combined claims will cause it undue prejudice because it anticipates that Brodrick will introduce the following evidence, which although probative on the bad faith claim, would be inadmissible in the contract dispute:

(1) that Liberty National's adjuster failed to properly investigate the cause of the foundation problem;

(2) that Liberty National hired an engineer that it believed would rubber-stamp its adjuster's preconceived position that the loss was not covered;

(3) that Liberty National routinely denies this type of claim;

(4) that Liberty National initially tendered a check in the amount of $1,800.00 for the portion of the loss that was indisputably covered.

In its own defense, Liberty National also intends to offer evidence that it established an $18,000.00 reserve for Brodrick's claim to rebut the argument that it was determined to deny her claim in bad faith. This evidence, Liberty National fears, will be misinterpreted as an acknowledgment of liability on the contract claim or otherwise cast the insurer in an unfavorable light before the jury.

## II.

■ Insurance coverage claims and bad faith claims are by their nature independent. *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990). But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex.1995); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex.1994). Therefore, Liberty National contends, the trial court should have required Brodrick to obtain a favorable finding on her contract claim before proceeding with the bad faith claim. Liberty National also asks us to order an abatement of the tort claim to avoid the effort and expense of litigating a claim that may be nullified by a judgment for the insurer on the contract verdict, citing *State Farm Mutual Automobile Insurance Co. v. Floyd,* 909 S.W.2d 492

(Tex.1995) (remanding for reconsideration in light of *Stoker*).

A number of courts of appeals have held that when the insurer has made an offer to settle the contract claim, a severance of the tort and contract claims is required to avoid undue prejudice to the insurer in its defense of the coverage dispute. *E.g., Mid–Century Ins. Co. v. Lerner,* 901 S.W.2d 749, 752–53 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell,* 862 S.W.2d 44, 46–47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assocs. v. Millard,* 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). The rationale of these cases is that, ordinarily, offers of settlement of a coverage dispute are inadmissible on the contract claim, but may nevertheless be admissible on the tort claim to rebut evidence of bad faith.

■ Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588, 591 (1955); see also Tex.R. Civ. P. 41. In *Guaranty Federal,* we concluded that a trial court properly exercises its discretion in severing claims when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *Guaranty Fed.,* 793 S.W.2d at 658.

Liberty National claims not only that the trial court abused its discretion in failing to order severance and abatement, but also that it is entitled to the extraordinary remedy of mandamus to correct the trial court's error. This writ, we have repeatedly held, will not issue absent a clear abuse of discretion that leaves the aggrieved party no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d

833, 839 (Tex.1992). To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.* at 840.

## III.

■ With these standards and the facts of this case in mind, we hold that the trial court did not abuse its discretion in denying Liberty National's motions for severance and abatement. Contrary to Liberty National's arguments, Brodrick's claims are largely interwoven, most of the evidence introduced will be admissible on both claims, and any prejudicial effect can be reasonably ameliorated by appropriate limiting instructions to the jury. For example, evidence regarding Liberty National's investigation and reasons for denial of the claim will no doubt be admissible in the contract case because the linchpin of any coverage case is the insurer's denial of the claim. We assume that an insurer would introduce all evidence tending to support its conclusion that the claim was not covered by the policy. We also assume that an insured would offer evidence of any bias against the claim on the part of the insurer's agents, which would likely be admissible on cross-examination to test the agents' credibility and to allow the jury to determine the weight to be given to the agents' testimony.

Hoping to bring itself within the purview of those cases that have required severance when offers of settlement on the contract claim will be introduced to refute the bad faith allegations, Liberty National notes that it tendered payment for a portion of Brodrick's claim. We doubt, however, that evidence of Liberty National's payment of the uncontested portion of Brodrick's claim will unduly prejudice its defense of the coverage claim. As we understand it, the insurer has paid the portion of the claim it does not dispute, and the jury will decide whether the policy covers another disputed portion of Brodrick's claim. As for evidence that Liberty National routinely denies this type of claim or evidence that it set aside a reserve pending final evaluation of this claim, we believe that the trial court may address any undue prejudice by instructing the jury that the evidence proves nothing with regard to the coverage of the plaintiff's claim, but may be considered relevant only to the bad faith claim.

■ A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. *See Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 4 (Tex.1986) (holding that settlement offers are inadmissible to prove or disprove liability on a claim). As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. *See, e.g., Lerner,* 901 S.W.2d at 753; *Northwestern Nat'l,* 862 S.W.2d at 46; *F.A. Richard,* 856 S.W.2d at 767; *United States Fire Ins. Co.,* 847 S.W.2d at 673; *Wilborn,* 835 S.W.2d at 262. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required. *Allstate Ins. Co. v. Hunter,* 865 S.W.2d 189, 194 (Tex.App.—Corpus Christi 1993, orig. proceeding); *Progressive County Mut. Ins. Co. v. Parks,* 856 S.W.2d 776, 777 (Tex.App.—El Paso 1993, orig. proceeding).

In contrast, the dissent urges an inflexible rule that would deny the trial court all discretion and which would require severance in every case, regardless of the likelihood of prejudice. Traditionally, severance has been reserved to the trial court's discretion, where we leave it today. The dissent would carve out a special rule for bad faith insurance cases. We see this usurpation of the trial court's discretion as unnecessary, unwise, and inefficient.

We also disagree with Liberty National's argument that our decision in *Stoker* man-

dates that the trial court abate a severed bad faith claim until it renders a final judgment and perhaps until all appeals have been exhausted on the contract claim. While *Stoker* held that a judgment for the insurer on the coverage claim prohibits recovery premised only on bad faith denial of a claim, it does not necessarily bar all claims for bad faith. *Stoker*, 903 S.W.2d at 342. Here, Brodrick has not limited her bad faith allegations to mere bad faith denial of her claim.

Likewise, our remand in *Floyd* did not suggest the answer to the severance question. We remanded that case so that the trial court could base its decision on the general rule and the exception to the general rule stated in *Stoker*. We anticipated that the trial court's ultimate decision in *Floyd* would turn on the facts of that case and not necessarily on the general rule we announced in *Stoker*.

█ Regardless of which party prevails on the contract claim, we disagree that an abatement of the bad faith claim until all appeals of the contract claim are exhausted is required. In *Scurlock*, we held that a trial court judgment is final despite the pendency of an appeal for purposes of claim preclusion. 724 S.W.2d at 6. We think the same rule should apply in this context. *Cf. Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207–08 (Tex.1996) (holding that the termination element of a malicious prosecution case is not established until a final judgment, after exhaustion of all appeals, is rendered in the underlying case in favor of the party subsequently suing for malicious prosecution, and distinguishing finality for purposes of claim preclusion in *Scurlock* ).

For these reasons, Liberty National's petition for writ of mandamus is denied.

Justice ABBOTT, joined by Justice GONZALEZ, Justice HECHT and Justice OWEN, dissenting.

I dissent. The Court's holding today fails to delineate a clear standard to govern when a trial court should segregate a breach of contract claim from a bad faith claim against an insurance company. This will result in increased mandamus filings in the appellate courts and some confusion in the trial courts.

I believe that the better rule would be to require a trial court to segregate breach of contract claims and bad faith claims in every case in which a party requests that the claims not be tried together. The trial court would have discretion whether to sever the claims or order separate trials on the claims. The trial court could also decide whether to abate discovery on the bad faith claim pending resolution of the contract claim. The trial on the bad faith claim could proceed after the jury verdict on the breach of contract claim; thus, a trial court would not have to wait for a party to exhaust its appellate remedies before commencing the trial on the bad faith claim.

I recognize that, in some cases, trying the contract and bad faith claims together will not result in undue prejudice. However, in the vast majority of first party insurance cases, either a severance or a separate trial is required. For instance, in all cases in which the insurer has made a settlement offer on the contract claim, the trial court must segregate the claims. *See supra*, 927 S.W.2d at 629; *Mid–Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752–53 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46–47 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assocs. v. Millard*, 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding).

Moreover, even in cases in which a settlement offer was not made, undue prejudice to the parties may occur if both claims are tried together. For example, the defendant may have separate defenses to the contract claim and the bad faith claim which are somewhat inconsistent. In the absence of a severance or separate trial, the defendant may be unduly prejudiced by making conflicting presentations to the jury.

To avoid the uncertainty that courts and litigants will suffer as a result of our case-by-case review, the better course of action is to require a severance or a separate trial in all cases in which a party requests that the claims be segregated. Accordingly, I would conditionally grant the requested mandamus relief to relators.