MEMORANDUM OPINION
BILL VANCE, Justice.
Our Supreme Court has rejected “an inflexible rule that would deny the trial court all discretion and ... require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice.” Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex.1996) (orig.proceeding). Thus, the question of whether to sever and abate lies within the discretion of the trial judge. Id.
Our decision to deny the petition for a writ of mandamus in this instance is based primarily on two factors. First, unlike the situation in Texas Farmers Ins. Co. v. Stem, 927 S.W.2d 76 (Tex.App.-Waco 1996, orig. proceeding), there will not be a trial on the breach-of-contract issues-those are the subject of a partial summary judgment in favor of the insured. Second, unlike the situation in Mid-Century Ins. Co. of Texas v. Lerner, 901 S.W.2d 749 (Tex.App.-Houston [14th Dist.], orig. proceeding), the record before us indicates little likelihood that, were the breach-of-contract issues to be appealed and reversed, the claim would be remanded for trial. It appears that the damages are liquidated in one of two amounts: $884,813.72, if the “other insurance” clause allows the company to prorate the loss, or $700,000, if the insured is entitled to the full policy limits. The question appears to be one of law.
The petition for writ of mandamus is denied. Relator’s motion for temporary emergency relief is also denied.
Justice GRAY dissenting.