TOM GRAY, Justice,
dissenting.
My colleagues focus on only one aspect of this mandamus. They essentially ignore the prospect of having to waive the attorney client privilege or waive the use of evidence critical for its defense. In this petition for writ of mandamus, Travelers has argued that if it is put to trial on the extra-contractual issues that it will be forced to make a choice. Travelers must either choose to waive the attorney client privilege that exist with regard to communications with its coverage attorney, or assert the privilege and forego the use of the very evidence that will explain to the jury the actions for which it is being sued. Where the law will allow, litigants should not be forced to such a choice.
The fact that there may be “little likelihood” that the contractual issues will lead to a factual dispute, because “it appears” the damages are liquidated, are of no comfort to a litigant which may have to choose between waiving one of the most fundamental rights of our legal system — the attorney client privilege — or availing itself of all available evidence to defend itself. I have not concluded that I would grant the petition, but I do believe that this petition presents substantive issues not resolved by Liberty National and would request a re *323 sponse before taking any action on the petition. See Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex.1996). Accordingly, I would stay discovery on the extra-contractual issues until the petition is decided.