In re ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY,
Relator.

No. 14–11–00746–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 2011.

William Timothy Bowersox, Conroe, for relator.

Brent Michael Cordell, Houston, for real party in interest.

Panel consists of Justices BROWN, BOYCE, and McCALLY.

## OPINION

JEFFREY V. BROWN, Justice.

In this original proceeding, relator, Allstate County Mutual Insurance Company, seeks a writ of mandamus ordering respondent, the Honorable Carroll E. Wilborn, Jr., to (1) vacate his order denying Allstate's motion to sever the extra-contractual claims from the claim for underinsured-motorist (UIM) benefits and abate those claims until the contractual claims are resolved; (2) compel respondent to sever the extra-contractual claims; and (3) abate the extra-contractual claims. We requested a response from the real party in interest, Charlotte Juneau, but as of this date no response has been filed. We conditionally grant the writ.

Juneau sued Allstate for UIM benefits due to an automobile accident and also alleged a breach-of-contract claim, along with extra-contractual claims for bad faith under the insurance code and deceptive trade practices act. Allstate offered to settle the claim. The offer was not accepted and Allstate filed a motion to sever the contractual claims and abate the extra-contractual claims. The trial court denied Allstate's motion.

Allstate complains that respondent abused his discretion in refusing to (1) sever the extra-contractual claims from the claim for UIM benefits when a settlement offer had been made; and (2) abate the extra-contractual claims until the underlying contractual claims are resolved. In cases in which contractual and extra-contractual claims are being pursued simultaneously, this court repeatedly has held that extra-contractual claims must be severed and abated when the insurer has made a settlement offer on the contract claim. See Mid–Century Ins. Co. v. Lerner, 901 S.W.2d 749, 752–53 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding); Northwestern Nat'l Lloyds Ins. Co. v. Caldwell, 862 S.W.2d 44, 46–47 (Tex. App.-Houston [14th Dist.] 1993, orig. proceeding); State Farm Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260, 262 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). Accordingly, we conclude the trial court abused its discretion in not severing and abating the extra-contractual claims. See In re Progressive County Mut. Ins. Co., No. 09–07–00011–CV, 2007 WL 416553 (Tex.App.-Beaumont 2007, orig. proceeding) (mem. op.) ("Abatement of the bad faith claim necessarily accompanies severance because the scope of permissible discovery differs in the two types of claim and without abatement the parties will be put to the effort and expense of conducting discovery on claims that may be disposed of in a previous trial.")

We conditionally grant the petition for a writ of mandamus and direct the trial court to (1) vacate its order denying Allstate's motion, (2) sever the extra-contractual claims from the contractual claims, and (3) abate the proceedings on the bad-faith claims until final disposition of the UIM claim. The writ will issue only if the trial court fails to act in accordance with this opinion.

McCALLY, J., Concurring and Dissenting.

SHARON McCALLY, Justice, concurring and dissenting.

I concur in the majority's determination that the petition should be conditionally

granted and the trial court directed to vacate its order denying Allstate's motion to sever (Issue Number One). I dissent, however, from the majority's conclusion that mandamus should also conditionally issue directing the trial court to vacate its order denying Allstate's motion to abate (Issue Number Two).

Through its Petition for Writ of Mandamus, Relator Allstate urges that "[t]he trial court abused its discretion in refusing to abate the extracontractual claims until the underlying contractual claims are resolved." Allstate crystallizes its argument: "Abatement of the bad faith claims necessarily accompanies severance of those claims from the contract claim because the scope of permissible discovery differs in the two types of claims and without abatement the parties will be put to the effort and expense of conducting discovery and preparing for a trial of claims that may be disposed of in the previous trial."

The majority agrees with Allstate's argument and it finds support among some courts of appeals. *See, e.g., In re Progressive Cnty. Mut. Ins. Co.,* No. 09–07–011–CV, 2007 WL 416553 (Tex.App.-Beaumont Feb. 8, 2007, orig. proceeding). However, the Texas Supreme Court has already determined that the mere possibility that trial of the extracontractual claims will become unnecessary does not, as a matter of law, deprive the trial court of discretion to refuse abatement of those claims. Specifically, in *Liberty National Fire Insurance Co. v. Akin,* 927 S.W.2d 627, 631 (Tex.1996), the Court held that, "[r]egardless of which party prevails on the contract claim, we disagree that an abatement of the bad faith claim until all appeals of the contract claim are exhausted is required." The Court has never retreated from this holding.

Other courts of appeals reject the notion that abatement is, as a bright line rule,

mandatory in all cases of extracontractual severance. *See, e.g., In re Allstate Ins. Co.,* 232 S.W.3d 340, 344 (Tex.App.-Tyler 2007, orig. proceeding) (rejecting other courts of appeals' conclusion that "abatement is mandatory when a trial court orders severance of extracontractual claims"); *Tex. Farmers Ins. Co. v. Cooper,* 916 S.W.2d 698, 701–02 (Tex.App.-El Paso 1996, orig. proceeding) ("Even where settlement evidence requires separation of contract and bad faith claims, we see no need to create an ironclad rule mandating abatement at any given time."). Instead, these courts look to the relator's specific showing of, for example, prejudice or burden to determine whether the trial court abused its discretion in denying abatement in a specific case. *See, e.g., U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex. App.-Houston [1st Dist.] 1993, orig. proceeding) (holding that "the facts and circumstances of this case extinguished Judge Millard's discretion"); *Cooper,* 916 S.W.2d at 702 (holding that insurance carrier bears burden at trial court of proving prejudice without abatement); *In re Loya Ins. Co.,* No. 01–10–01054–CV, 2011 WL 3505434, at *3 (Tex.App.-Houston [1st Dist.] Aug. 11, 2011, orig. proceeding) (holding that where relator failed to show prejudice or burden relating to parallel discovery of contractual and extracontractual claims, trial court did not abuse its discretion in denying abatement).

In my view, these cases demonstrate a faithfulness to the flexible approach of *Akin* and represent a more sound policy to vest the trial court with limited discretion to balance the interest of the parties and judicial economy. Moreover, a rule that deprives the trial court of any discretion to deny abatement, no matter the facts and circumstances, encourages settlement gamesmanship.

In this case, the record reflects that Allstate made no specific showing of prejudice or burden or case-specific need. The record of hearing further reflects that the trial court evaluated the facts and circumstances of the case and considered the impact on the court's docket and the parties' ability to reasonably bring the merits of the dispute to closure and determined abatement was not appropriate.

I would hold that the trial court did not abuse its discretion in denying the motion to abate because abatement is neither mandatory nor required as a matter of law and because, in the absence of any showing of specific prejudice, the trial court retained discretion to manage its docket and deny abatement.