**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed June 1, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-00443-CV
_____

## IN RE ST. PAUL SURPLUS LINES INSURANCE COMPANY and TRAVELERS COMPANIES INC., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-44348**

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relators, St. Paul Surplus Lines Insurance Company and Travelers Companies Inc., seek a writ of mandamus ordering the respondent, the Honorable Ken Wise, presiding judge of the 334th District Court of Harris County, Texas, to vacate his orders signed February 1, 2012, and April 16, 2012, and grant their motions to sever the extra-contractual claims from the breach of contract claim in the underlying property insurance coverage suit and abate the severed case. Having considered the

petition, the real party's response, the record, and the applicable law, we conditionally grant the writ.

Vertex Holdings, L.P., the real party in interest, operates a barge dock used for loading and unloading liquid hydrocarbons. The dock was damaged during Hurricane Ike in 2008. St. Paul Surplus Lines Insurance Company had issued a commercial property insurance policy to Vertex. Vertex submitted a claim under the policy for its property damage and business income losses after the hurricane.

St. Paul denied coverage. The parties disagree about how the damage occurred and what the relevant policy terms mean. St. Paul mediated the dispute with Vertex and made an offer to settle the property damage clam. St. Paul made another offer to settle the property damage claim three months later. Vertex rejected the offers and filed suit in July of 2010 against St. Paul, its parent corporation The Travelers Companies Inc. (referred to hereafter jointly as St. Paul), and the agency that sold the policy, Harco Insurance Services Inc. Vertex alleged a breach of contract claim against St. Paul and also claimed that St. Paul and Harco committed violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the common-law duty of good faith. St. Paul made another offer to settle the property damage claim after the suit was filed. In addition, after evaluating documentation concerning Vertex's business income claim, St. Paul made an offer to settle the business income claim. These offers also were not accepted.

St. Paul moved to sever Vertex's breach of contract claim from Vertex's extra-contractual claims and to abate the extra-contractual claims. Vertex did not file a written response to the motion. The trial court heard the motion on July 8, 2011, but did not immediately rule. Shortly before the July 8, 2011 hearing, Harco filed a cross-claim against St. Paul, alleging that as a result of St. Paul's violations of the Insurance Code and Deceptive Trade Practices Act, Harco has lost business and incurred attorney's fees and other costs in defending the Vertex suit. St. Paul then moved to sever Harco's cross-claims

from Vertex's breach of contract claim. St. Paul also requested that Harco's cross-claims be abated until after the breach of contract claim is decided. Harco did not file a response.

The trial court heard the second motion to sever and abate on January 20, 2012. At the hearing, the trial court indicated that it would, at most, bifurcate the trial so that a single jury would decide the breach of contract claim before deciding the remaining extra-contractual claims.[1] The trial court denied the motion to sever and abate Harco's cross-claims in an order signed February 1, 2012. On April 16, 2012, the trial court signed an order denying the motion to sever and abate Vertex's extra-contractual claims. A handwritten interlineation on the April 16 order adds, "Trial may be bifurcated as to extracontractual claims." St. Paul then filed this original proceeding seeking to have this court compel severance and abatement.

Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

---

[1] Severance and bifurcation are distinct trial procedures. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970). A severance divides the lawsuit into two or more separate and independent causes. *Id.* After a severance, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. *Id.* An order for bifurcation, or separate trials, leaves the lawsuit intact but enables one or more issues to be decided first without trying all issues at the same time. *Id.* The order entered at the conclusion of a separate trial is generally interlocutory. *Id.* The same jury hears both parts of a bifurcated trial. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). On the other hand, a suit severed into two separate and distinct causes will be heard by two different juries. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996).

The Texas Supreme Court has recognized that a severance of extra-contractual claims from contractual claims may be necessary in certain insurance cases. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996). A trial court may confront instances in which evidence admissible only on the extra-contractual claims would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.* One example of a situation in which severance is necessary occurs when the insurer has made an offer to settle the contract claim. *Id.*

Both Houston Courts of Appeals have held that without a severance of the extra-contractual claims for the insured's contractual claim, substantial rights will be lost. *See United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).[2] Therefore, in cases in which contractual and extra-contractual claims are being pursued simultaneously, mandamus relief is proper where a trial court has abused its discretion in not severing and abating the extra-contractual claims. *In re Allstate County Mut. Ins. Co.*, 352 S.W.3d 277, 278 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). This court repeatedly has held that extra-contractual claims must be severed and abated when the insurer has made a settlement offer on the contract claim. *See id; Mid–Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752–53 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46–47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Wilborn*, 835 S.W.2d at 262. We recognize that abatement is necessary because the scope of permissible discovery differs in contract and extra-contractual claims, and without abatement the parties will be required to conduct discovery on claims that may be disposed of in a previous trial. *Allstate*, 352 S.W.3d at 278

---

[2] The Texas Supreme Court cited these cases with approval in *Akin.* 927 S.W.2d at 630 (concurring with the holdings in *Wilborn* and *Millard* that an insurer would be unfairly prejudiced by having to defend a contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the dispute).

(citing *In re Progressive Cnty. Mut. Ins. Co.,* No. 09-07-011-CV, 2007 WL 416553, *1 (Tex. App.—Beaumont Feb. 8, 2007, orig. proceeding) (mem. op.)).

We hold that the trial court abused its discretion in failing to sever and abate the extra-contractual claims in the underlying suit. We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its orders signed February 1, 2012, and April 16, 2012, and grant St. Paul's motions to sever and abate the extra-contractual claims in the underlying property insurance coverage suit. The writ will issue only if the trial court fails to act in accordance with this opinion.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.