**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00867-CV

---

## IN RE ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-17850**

---

## MEMORANDUM OPINION

On September 21, 2012, relator Allstate Property and Casualty Insurance Company ("Allstate") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to

compel the Honorable Caroline Baker, presiding judge of the 295th District Court of Harris County to vacate her August 24, 2012 order denying relator's motion to sever the extra-contractual claims from the breach of contract claim in the underlying personal injury insurance coverage suit and abate the severed case. Relator further requests that this court order Judge Baker to vacate her order of July 13, 2012 requiring production of documents in the extra-contractual suit. We conditionally grant the writ.

Michael Paddon, the real party in interest, was injured in a car accident with an individual Paddon alleged was underinsured. Paddon filed a claim with relator Allstate for underinsured motorist (UIM) benefits. Allstate offered to settle the claim for $850 plus $30,000 Paddon was entitled to from the driver of the other car and $2,500 he received from Allstate in personal injury protection (PIP) benefits. Paddon refused the settlement offer and later refused a subsequent offer of $1,000.

In his response, Paddon contends the low offers of settlement are evidence that Allstate acted in bad faith. Paddon sued Allstate and its adjustors for breach of contract, breach of the duty of good faith and fair dealing, violations of the Insurance Code, and violations of the Deceptive Trade Practices Act, and common law fraud.

Allstate moved to sever Paddon's breach of contract claim from Paddon's extra-contractual claims and to abate the extra-contractual claims. Paddon filed a response in which he argued the claims should not be severed because they arose from the same set of facts, and the trial court is only required to sever the cases for trial, not for purposes of discovery. The trial court denied Allstate's motion to sever and abate the claims and granted Paddon's motion to compel discovery. Allstate then filed this original proceeding seeking to have this court compel severance and abatement.

2

Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 136 (Tex. 2004). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

The Texas Supreme Court has recognized that a severance of extra-contractual claims from contractual claims may be necessary in certain insurance cases. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996). A trial court may confront instances in which evidence admissible only on the extra-contractual claims would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.* One example of a situation in which severance is necessary occurs when the insurer has made an offer to settle the contract claim. *Id.*

Both Houston courts of appeals have held that substantial rights will be lost without a severance of the extra-contractual claims from the insured's contractual claim. *See United States Fire Ins. Co. v. Millard*, 847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 S.W.2d 260 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).[1] Therefore, in cases in

---

[1] The Texas Supreme Court cited these cases with approval in *Akin.* 927 S.W.2d at 630 (concurring with the holdings in *Wilborn* and *Millard* that an insurer would be unfairly prejudiced by

3

which contractual and extra-contractual claims are being pursued simultaneously, mandamus relief is available where a trial court has abused its discretion in not severing and abating the extra-contractual claims. *In re Allstate County Mut. Ins. Co.*, 352 S.W.3d 277, 278 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). This court repeatedly has held that extra-contractual claims must be severed and abated when the insurer has made a settlement offer on the contract claim. *See id.; Mid–Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752–53 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46–47 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Wilborn*, 835 S.W.2d at 262. We recognize that abatement is necessary because the scope of permissible discovery differs in contract and extra-contractual claims, and without abatement the parties will be required to conduct discovery on claims that may be disposed of in a prior trial. *Allstate*, 352 S.W.3d at 278.

In his response to Allstate's petition, Paddon argues the trial court correctly determined that the evidence to be discovered will be the same for the breach of contract, bad faith, insurance code, and other statutory causes of action. Paddon relies on *Akin* and argues in that case the justices denied the insurer's motion to sever and abate despite a settlement offer. To the contrary, in concurring with the decisions in *Wilborn* and *Mallard*, the supreme court emphasized that the insurance company had not made a settlement offer. *Akin*, 927 S.W.2d at 629. The court approved intermediate appellate court holdings that when the insurer has made an offer to settle the contract claim, a severance of the tort and contract claims is required to avoid undue prejudice to the insurer in its defense of the coverage dispute. *Id.*

having to defend a contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the dispute).

4

Paddon further argues that Allstate's offer of $850 "constitutes bad faith in itself." He alleges that "the only purpose, then, in tendering such an offer is to provide a basis later for the insurer to sever and abate the bad faith claims." However, if the insurance company offers a settlement amount so low as to constitute "bad faith in itself," then the insured can introduce evidence of the settlement offer in the trial of the bad faith claim after the contractual claim has been resolved. The supreme court has determined, however, that until the insured prevails in his contractual claim he cannot require the insurance company to defend the bad faith claim. *See Akin,* 927 S.W.2d at 630. Moreover, we cannot review on mandamus whether an insurance company's offer under individual circumstances is so low as to constitute "bad faith in itself." Paddon's argument presents this court with a fact question, *i.e.*, whether the settlement offer is unreasonably low, on which mandamus will not issue. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (an appellate court may not resolve factual disputes in an original mandamus proceeding).

Under these circumstances, the trial court abused its discretion in denying Allstate's motion to sever and abate the contractual claims from the non-contractual claims.

For the foregoing reasons, we conditionally grant mandamus relief and direct the trial court to vacate its orders signed July 13, 2012 and August 24, 2012. We are confident the trial court will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and McCally.

5