In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-033 CV


 ______________________


 

IN RE ACCEPTANCE INDEMNITY INSURANCE COMPANY






Original Proceeding






MEMORANDUM OPINION


 This is an original proceeding seeking a writ of mandamus compelling the trial court
to grant a severance and abatement motion. We deny the petition.

 Joe Ware sued Acceptance Indemnity Insurance Company for breach of contract,
breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and
violations of the Texas Deceptive Trade Practices Act. He claimed commercial property
damage for two properties under his commercial lines insurance policy with Acceptance. 
After an investigation, Acceptance issued two checks for the two properties. On two separate
occasions, Ware informed Acceptance that the estimates were too low. Each time,
Acceptance obtained estimates and issued supplemental payments for each property. Ware
requested an additional amount of money. Acceptance denied the claim, and this lawsuit
followed.

 The trial court ordered separate, or bifurcated, trials of the contractual claim and the
extra-contractual matters. The court refused to abate discovery or sever the claims into
separate lawsuits, and relator filed this petition. 

 A writ of mandamus will issue only if the trial court committed a clear abuse of
discretion for which the relator has no adequate remedy at law. Liberty Nat'l Fire Ins. Co.
v. Akin, 927 S.W.2d 627, 629 (Tex. 1996). A clear abuse of discretion is shown if the trial
court could reasonably have reached only one decision. Id. at 630. Issues of severance and
discovery generally rest within the discretion of the trial court. In re CSX Corp., 124 S.W.3d
149, 151-52 (Tex. 2003); Akin, 927 S.W.2d at 629. 

 The Texas Supreme Court has held that in some circumstances a severance may be
required when a policyholder asserts a breach of contract claim and extra-contractual claims
against an insurer who has made a settlement offer on the disputed contract claim, or when
there are other compelling circumstances. See Akin, 927 S.W.2d at 630. The Court
explained that an insurer may be unfairly prejudiced by having to defend the contract claim
at the same time and before the same jury that would consider evidence that the insurer
offered to settle the entire dispute. Id. When the insurer merely pays the portion of the claim
it does not dispute, severance is not necessarily required. Id. 

 Acceptance argues that each time payments were issued to Ware, the payments were
offers of settlement on the entire disputed contract claim, and Ware accepted the settlements
by signing sworn proofs of loss. Ware argues that the payments were on claims the insurer
did not dispute, were not settlement offers, and only a portion of the contract claim remains
in dispute.

 Based on the record before us, it appears that Acceptance, following its initial
adjustment and payment of the claim, made several supplemental payments under its policy
for additional damages that were identified by subsequent adjusters. Acceptance's final
claims payment brought the total that it paid on one of the two covered properties to its
apparent policy limit. With respect to the adjustment of the loss on the property on which
the insurance company paid policy limits, the policyholder's claims appear to be extra-contractual.

 Under these facts, it was appropriate for the trial court to consider whether a trial on
the contractual claims would likely resolve the policyholder's claim for delayed payment or
the other extra-contractual claims. Based on the record presented in this mandamus, it
appears reasonable for the trial court to have concluded that a trial on the policyholder's
contractual claims would not necessarily dispose of the policyholder's delayed payment
claims.

 Those facts make the case distinguishable from the facts that were before us in In re
Progressive County Mutual Insurance Company, No. 09-07-011 CV, 2007 WL 416553, *1
(Tex. App.--Beaumont Feb. 8, 2007, no pet.) (mem. op.), where the insured's personal injury
claim was unliquidated and its valuation was the central issue in dispute. In that case, had
a trial of the contract claim resulted in a valuation of the claim at less than Progressive's
settlement offer, the trial of the contract case had the potential to resolve any extra-contractual claim.

 Of additional significance, in Progressive, the record reflected that the insurance
carrier had made an offer to settle the policyholder's claim. See id. Here, Acceptance
attempts to characterize its payments on this record as "offers of settlement," but makes no
showing that its payments were anything other than payments of amounts that it recognized
were owed under its policy. The record before us does not contain copies of the
correspondence, if any, that accompanied Acceptance's payments, the proofs of loss, or
Acceptance's checks. The record presented, unlike that presented in Progressive, fails to
demonstrate that Acceptance's payments were offers to settle as opposed to payments it
recognized were owed under the insurance policy.

 Acceptance acknowledges that "bifurcation will ensure that settlement offers
Acceptance Indemnity made to Ware will not be introduced to the jury during the trial of the
contractual claim," but argues that "bifurcation and refusal to abate discovery does not
remedy the prejudice, expense, and effort that unabated discovery on the extra-contractual
claims will cause." This Court has said that "[a]batement of the bad faith claim necessarily
accompanies severance because the scope of permissible discovery differs in the two types
of claims and without abatement the parties will be put to the effort and expense of
conducting discovery on claims that may be disposed of in a previous trial." In re
Progressive County Mut. Ins. Co., 2007 WL 416553, at *1. Generally this is true when the
extra-contractual claim is based solely on an alleged bad faith denial. See Akin, 927 S.W.2d
at 631 (noting that while a judgment for an insurer on a coverage claim may prohibit
recovery premised only on the bad faith denial of a claim, it does not necessarily bar all
claims for bad faith). The record in this original proceeding is unclear, however, as to
whether Ware's extra-contractual claims are based solely on an alleged bad faith denial of
his claim, on some other conduct, or both. See id. On this record, it does not appear that a
judgment for Acceptance on the breach of contract claim would necessarily render the extra-contractual claims moot. 

 Acceptance argued to the trial court that discovery on the extra-contractual claims may
require Acceptance to produce documents and information protected by privilege. That
argument is not reasserted in this mandamus proceeding. The relator has the burden to
present the appellate court with a record sufficient to establish the right to mandamus relief. 
See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). Acceptance has not identified what
documents are privileged. Acceptance can protect itself from a request for privileged
documents by complying with Rule 193.3 of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 193.3. If documents privileged from discovery are ordered produced, mandamus
review would then be available. While the trial court's refusal to stay the discovery in the
extra-contractual claim could result in procedural inefficiencies, that result is not certain nor
does the result necessarily require mandamus review. 

 We conclude the detriments outweigh the benefits of mandamus review of the
severance and discovery issues at this time. See In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 136 (Tex. 2004).

 The petition for writ of mandamus is denied.

 PETITION DENIED.

 PER CURIAM


Submitted on February 4, 2008

Opinion Delivered March 13, 2008 


Before McKeithen, C.J., Gaultney and Horton, JJ.