

# NUMBER 13-10-00117-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE OFFICE OF THE ATTORNEY GENERAL

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion by Chief Justice Valdez[1]**

Relator, the Office of the Attorney General of the State of Texas ("OAG"), filed a petition for writ of mandamus seeking to compel the trial court to vacate an order cancelling a child support lien on the bank account of the real party in interest, Adolfo Ibarra. The OAG contends that the issuance of the order violated its right to due process because it was rendered without notice or a hearing. The OAG further contends that the trial court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); *see also* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

abused its discretion because it cannot cancel a child support lien while the arrearage is in dispute, and there is no adequate remedy by appeal.

The Court requested a response from the real party in interest and received a "Notice of Non-Opposition to Relator's Petition for Writ of Mandamus." According to this "Notice," Ibarra does not believe that the petition for writ of mandamus is meritorious, but "does not wish to contest said matter, and is not opposed to the issuance of the writ, provided the costs of appeal and attorneys fees related to the prosecution of the writ are assessed to the parties incurring same." We conditionally grant the writ.

## I. BACKGROUND

On March 26, 2003, the trial court issued a divorce decree dissolving the marriage between Ibarra and Alma Salazar. In the decree, the trial court specified Ibarra's child support obligations for their three children, including one child with special needs. On March 23, 2007, Ibarra filed his third amended petition to modify his child support obligation. The OAG intervened in the suit and filed a motion for enforcement of the child support ordered in the divorce decree. On or about January 7, 2010, the OAG filed a notice of child support lien on Ibarra's bank account at an International Bank of Commerce in McAllen, Texas. This lien froze all transactions on the bank account.

On January 19, 2010, Ibarra filed an emergency motion to cancel the lien, and later that same day, without notice or hearing, the trial court entered an order cancelling the lien as "unauthorized" because there is a "bona fide dispute between the parties as to the amount, if any [Ibarra] owes in child support." The OAG filed a "Motion to Vacate and/or for New Trial," which was denied following a hearing. This original proceeding ensued.

## II. STANDARD FOR MANDAMUS RELIEF

2

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 839. To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money

3

utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.*

### III. ANALYSIS

At issue herein is section 157.312(d) of the Texas Family Code which states that:

A child support lien arises by operation of law against real and personal property of an obligor for all amounts of child support due and owing, including any accrued interest, regardless of whether the amounts have been adjudicated or otherwise determined, subject to the requirements of this subsection for perfection of the lien.

TEX. FAM. CODE ANN. § 157.312(d) (Vernon 2008). This section expressly provides that a lien may arise "regardless of whether the amounts have been adjudicated or otherwise determined," as long as the statutory requirements for perfection of the lien have been met. *Id.* Section 157.316(a) delineates the requirements for perfection of a lien, and provides, in relevant part, that "a child support lien is perfected when an abstract of judgment for past due child support or a child support lien notice is filed or delivered as provided by section 157.314." *Id.* § 157.316(a) (Vernon 2008). Section 157.314, in turn, contains provisions for filing child support lien notices and providing a copy of the notice to the obligor. *See generally id.* § 157.314 (Vernon 2008). "The plain language of these sections indicates a lien arises without action by a court, as long as the notice complies with the statutory requirements." *Herzfeld v. Herzfeld*, 285 S.W.3d 122, 128 (Tex. App.–Dallas 2009, no pet.).

The OAG contends in its petition for writ of mandamus that the order vacating its lien violated its due process rights; the family code gives the OAG the express authority to attach a child support lien on Ibarra's bank account; the amount of child support arrearages

4

need not be adjudicated or judicially determined prior to the attachment of the lien; a child support lien can attach whether or not the arrearage amounts are disputed; and the OAG lacks an adequate remedy by appeal given the nature of the order herein and the fundamental rights of the children to support. As stated previously, the real party in interest herein is not opposed to issuance of the writ of mandamus in this matter and has provided no argument or authority on the foregoing issues. Based on our review of the record and the undisputed facts contained therein, the argument and authorities provided by the OAG, and the express terms of the family code, the OAG has met its burden to show entitlement to extraordinary relief. Accordingly, based on the specific factual and procedural posture of this case, we conditionally grant the petition for writ of mandamus.

## VI. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus and the "Notice of Non-Opposition" thereto, is of the opinion that relator has shown itself entitled to the relief sought. Accordingly, we LIFT our stay order of March 15, 2010, and CONDITIONALLY GRANT relator's petition for writ of mandamus. We are confident that the trial court will vacate its order cancelling the lien. The writ will issue only if the trial court fails to comply with this opinion.

ROGELIO VALDEZ,
Chief Justice

Delivered and filed the
5th day of May, 2010.

5