

# NUMBER 13-10-00315-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LENOX MORTGAGE XII, LLC

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Per Curiam Memorandum Opinion[1]**

Relator, Lenox Mortgage XII, LLC, filed a petition for writ of mandamus in the above cause on June 4, 2010. The Court requested that the real parties in interest file responses to the petition for writ of mandamus, and such responses were received from: (1) Marco Ramirez, Bebe Ramirez, individually and d/b/a Now Management Company, Seville McAllen Apartments, LLC, and Now Co. Loan Services, LLC ("the Ramirez parties"), and (2) Herman A. Neidhart, individually and as General Partner of 6th and Nolana Apartments,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Ltd., and Neidhart Family Limited Partnership. On August 13, 2010, relator filed a reply to the response filed by the Ramirez parties.

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, and the responses thereto, is of the opinion that the relator has not shown itself entitled to the relief sought in the petition for writ of mandamus. First, considering the particular factual and legal background of this proceeding, relator has not shown that its appellate remedy is inadequate. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Second, relator has not shown that the trial court could reasonably have reached only one decision on the facts presented herein, and accordingly, has not established a clear abuse of discretion. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Third, and finally, relief by mandamus is not appropriate where there are factual disputes about the relator's right or the respondent's duty. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990). Thus, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the 17th
day of August, 2010.