**Petition for Writ of Mandamus Conditionally Granted and Majority and Concurring and Dissenting Opinions filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00746-CV

_____

## IN RE ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 25233**

---

# O P I N I O N

In this original proceeding, relator, Allstate County Mutual Insurance Company, seeks a writ of mandamus ordering respondent, the Honorable Carroll E. Wilborn, Jr., to (1) vacate his order denying Allstate's motion to sever the extra-contractual claims from the claim for underinsured-motorist (UIM) benefits and abate those claims until the contractual claims are resolved; (2) compel respondent to sever the extra-contractual claims; and (3) abate the extra-contractual claims. We requested a response from the real party in interest, Charlotte Juneau, but as of this date no response has been filed. We conditionally grant the writ.

Juneau sued Allstate for UIM benefits due to an automobile accident and also alleged a breach-of-contract claim, along with extra-contractual claims for bad faith under the insurance code and deceptive trade practices act. Allstate offered to settle the claim. The offer was not accepted and Allstate filed a motion to sever the contractual claims and abate the extra-contractual claims. The trial court denied Allstate's motion.

Allstate complains that respondent abused his discretion in refusing to (1) sever the extra-contractual claims from the claim for UIM benefits when a settlement offer had been made; and (2) abate the extra-contractual claims until the underlying contractual claims are resolved. In cases in which contractual and extra-contractual claims are being pursued simultaneously, this court repeatedly has held that extra-contractual claims must be severed and abated when the insurer has made a settlement offer on the contract claim. *See Mid-Century Ins. Co. v. Lerner*, 901 S.W.2d 749, 752-53 (Tex. App. -- Houston [14th Dist.] 1995, orig. proceeding); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 46-47 (Tex. App. -- Houston [14th Dist. 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn*, 835 SW.2d 260, 262 (Tex. App. -- Houston [14th Dist.] 1992, orig. proceeding). Accordingly, we conclude the trial court abused its discretion in not severing and abating the extra-contractual claims. *See In re Progressive County Mut. Ins. Co.*, No. 09-07-00011-CV, 2007 WL 416553 (Tex. App. – Beaumont 2007, orig. proceeding) (mem. op) ("Abatement of the bad faith claim necessarily accompanies severance because the scope of permissible discovery differs in the two types of claim and without abatement the parties will be put to the effort and expense of conducting discovery on claims that may be disposed of in a previous trial.")

We conditionally grant the petition for a writ of mandamus and direct the trial court to (1) vacate its order denying Allstate's motion, (2) sever the extra-contractual claims from the contractual claims, and (3) abate the proceedings on the bad-faith claims until final

2

disposition of the UIM claim. The writ will issue only if the trial court fails to act in accordance with this opinion.


/s/     Jeffrey V. Brown
        Justice


Panel consists of Justices Brown, Boyce, and McCally. (McCally, J., Concurring and Dissenting.)