

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-15-00281-CV

IN RE GUIDEONE NATIONAL INSURANCE COMPANY

ORIGINAL PROCEEDING

September 29, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, GuideOne National Insurance Company, filed this petition for writ of mandamus, arguing that Respondent, the Honorable William C. Sowder, presiding judge of the 99th District Court in Lubbock, Texas, abused his discretion in denying its motion to compel appraisal. This case involves a claim for insurance benefits arising out of alleged wind and hail damage to property belonging to the insured, Steven Biasatti and Paul Gross d/b/a TopDog Properties, the Real Party in Interest. The policy at issue was a commercial property insurance policy. After the loss was reported to GuideOne, GuideOne assigned the claim to be investigated. As a result of its investigation, GuideOne advised that the adjusted loss was below the deductible and so notified TopDog. TopDog responded by requesting additional investigation stating that

GuideOne had underpaid the claim by failing to pay for what TopDog termed as "visual hail damage to the roof."

On March 5, 2014, GuideOne's adjuster responded to this claim by stating that, based upon his investigation, there was no hail damage to the roof. The adjuster reiterated this statement on March 13, 2014. Subsequently, TopDog complained to its insurance agent its belief that the claim had been underpaid. The agent then contacted GuideOne and advised that TopDog wished to proceed with an appraisal of the claim through the appraisal provision of the policy. GuideOne then advised TopDog that the appraisal clause of the contract could be invoked only by GuideOne and that they did not choose to proceed with an appraisal.

The appraisal clause at issue states:

> If the Named Insured and the Company fail to agree on the amount of the loss, the Company can demand that the amount of loss be set by appraisal. If the Company makes a written demand for appraisal, each party shall select a competent independent appraiser. Each party shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand.

The policy then outlines how the selected appraisers will conduct the appraisal and provides for procedures should the appraisers not agree on the amount of the loss.

Following GuideOne's declining to enter into the appraisal, pursuant to the insurance contract, TopDog filed suit on August 22, 2014. On April 16, 2015, GuideOne advised counsel for TopDog that the company wanted to initiate the appraisal process. TopDog's counsel replied that his clients would not agree to the appraisal procedure. On April 24, 2015, GuideOne filed a motion to compel appraisal. The trial court initially granted the motion. However, TopDog filed a motion for reconsideration and oral

arguments. The trial court granted the motion for reconsideration and heard oral arguments regarding the issue of appraisal on June 19, 2015. On July 6, 2015, the trial court denied GuideOne's motion to compel appraisal. The order was filed on July 7, 2015. GuideOne subsequently filed its petition for writ of mandamus in which it asks this Court to compel Respondent to vacate its July 6th order and enter an order granting GuideOne's motion to compel appraisal.

GuideOne claims that the trial court clearly abused its discretion by failing to enforce the appraisal clause of the insurance contract which included a non-waiver provision. TopDog responded to the petition for mandamus contending that (1) GuideOne expressly waived appraisal, (2) unreasonably delayed invoking the appraisal provision to the prejudice of TopDog, and (3) the non-waiver provision cannot change the fact that GuideOne waived the appraisal process in writing. Further, TopDog contends that the unilateral appraisal clause is unenforceable as against public policy.

Because we find that the trial court committed a clear abuse of discretion, we will conditionally grant the writ of mandamus.

Standard of Review

Mandamus is an extraordinary remedy which lies only when the trial court clearly abuses its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze and apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005)

3

(orig. proceeding) (per curiam) (quoting *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)).  A showing that the trial court could have reasonably reached only one decision is necessary to establish a clear abuse of discretion.  *Liberty Nat'l Fire Ins. Co. v. Atkin,* 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding).

Analysis

We begin our analysis with consideration of GuideOne's contention that there could be no waiver in this case because of the non-waiver provision of the insurance policy.  Part 3 of the policy, "COVERED PERILS, EXCLUSIONS, DEDUCTIBLE CLAUSE, OTHER PROVISIONS," contains, in section IV, "Other Provisions," part 12, "Waiver or Change of Provisions," the following language:

> This policy contains all the agreements between you and us concerning the insurance afforded.  The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent.
>
> This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

The record before the Court shows no endorsements concerning any waiver of any term pursuant to the terms of part 12 above.[1]

GuideOne's contention is that the non-waiver provision is a part of the policy and the trial court was not free to simply ignore the provision.  As this theory goes, the trial court's finding that GuideOne had "waived its right to compel appraisal" would amount to a simple refusal by the trial court to enforce the terms of the insurance contract.  This,

---

[1]TopDog's contention that GuideOne waived the appraisal process in writing is centered on emails sent to and from GuideOne's representative.  No one contends that there was an endorsement issued by GuideOne.

4

according to GuideOne, is a clear abuse of discretion subject to remedy by issuance of a writ of mandamus.

That an insurance contract is simply a specialized form of contract and subject to construction as any other contract is beyond any argument. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London,* 327 S.W.3d 118, 126 (Tex. 2010). Construing an unambiguous contract is a question of law. *See Cross Timbers Oil Co. v. Exxon Corp.,* 22 S.W.3d 24, 26 (Tex. App.—Amarillo 2000, no pet.). We construe the insurance contract to ascertain the parties' intent. *Gilbert Tex. Constr., L.P.,* 327 S.W.3d at 126. Further, we examine the language of the policy because we presume that the language in the policy reflects the intentions of the parties. *See id.* When reviewing a contract, we must strive to honor the parties' agreement and not remake their contract. *Id.*

With the above strictures in mind, there are two provisions of the insurance contract before the Court. The first is the appraisal clause. Pursuant to this clause, the insurer, GuideOne, can, once they and the insured fail to agree on the amount of the loss at issue, proceed with an appraisal. The policy's reliance on an appraisal clause to resolve disputes about the amount of loss is standard for the insurance industry. *See In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 40-07 (Tex. 2011) (orig. proceeding).

However, TopDog takes issue with the appraisal clause in this case because it vests the right to require an appraisal to resolve issues regarding the amount of the loss in the company alone. TopDog asks us to refuse to enforce this clause, contending that

the clause is against public policy. In reviewing this issue, we note that there is not a case cited by TopDog where the Texas Supreme Court or any intermediate appellate court has held an appraisal clause that can only be instituted by the insurance company to be against public policy. We, therefore, decline the invitation to so find.

Turning to the non-waiver clause, we note that non-waiver clauses have long been held to be valid. *See Am. Cent. Ins. Co. v. Bass*, 38 S.W. 119, 119-20 (Tex. 1897) (holding that insurer did not waive right to contest liability by proceeding with appraisal where policy contained a non-waiver clause). Non-waiver clauses are generally considered valid and enforceable. *See Breof BNK Tex., L.P. v. D.H. Hill Advisors, Inc.,* 370 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *accord A.G.E., Inc. v. Buford,* 105 S.W.3d 667, 676 (Tex. App.—Austin 2003, pet. denied).

In reviewing TopDog's response to the non-waiver argument, there is no argument that the non-waiver clause is not part of the contract. Neither does TopDog argue that the clause is not valid. Rather, TopDog simply argues that GuideOne has waived its right to request an appraisal by its actions. Exactly how we should deal with the non-waiver argument is left unsaid. We are unable to simply ignore the contract's specific language. *See Gilbert Tex. Constr., L.P.,* 327 S.W.3d at 126.

On a more basic level, we cannot ignore language in the contract simply because we or one of the parties comes to dislike the provision or thinks that some other action is intended. *See Cross Timbers Oil Co.,* 22 S.W.2d at 26 (citing *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 888–89 (Tex. 1998)). As is the case in most contract cases,

the parties chose the language when the decision to enter into the insurance contract was made, and we cannot change that language at this late date. *See id.*

Having found that the non-waiver clause in the contract is valid and was before the trial court when the complained-of ruling was made, we find that the trial court has clearly abused its discretion by refusing to enforce the contract according to its terms. *See In re Allstate Cnty. Mut. Ins. Co.,* 85 S.W.3d 193, 195–96 (Tex. 2002) (orig. proceeding) (holding that trial court clearly abused its discretion by determining that appraisal clause in contract was an arbitration clause and unenforceable).

Conclusion

Having found that the trial court clearly abused its discretion, we will conditionally grant the writ of mandamus and direct the trial court to grant GuideOne's motion to compel appraisal. Confident that the Respondent will promptly enter its order consistent with this opinion, we will direct the Clerk of this Court to issue the writ of mandamus only in the event that Respondent fails to comply with this Court's directive within 10 days of this opinion.

Mackey K. Hancock
Justice

7