MR. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Tx. 78711

59,933-05

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 06 2015

Abel Acosta, Clerk
Oct. 2, 2015

CAUSE NO. 30600A-422
RE: EX PARTE DARRYl R. Gordon

Mr. ACOSTA, Please find
enclosed my WRIT of mandamus
to be filed on my Behalf.

Respectfully Submitted,
Darryl Raymond Gordon

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

CAUSE NO. 30600A-422

DARRYL RAYNARD GORDON (RELATOR)

VS.

HON. JUDGE B. MICHEAL CHITTY

422nd. DISTRICT COURT OF

KAUFMAN COUNTY, KAUFMAN TX.
(RESPONDENT)

*************************************************************

ON PETITION FOR WRIT OF MANDAMUS

*************************************************************

RESPECTFULLY SUBMITTED,

DARRYL RAYNARD GORDON

3 JESTER Rd.#1852766

RICHMOND, TX. 77406

PRO' SE'

CAUSE NO:

IN RE: DARRYL RAYNARD GORDON § IN THE CRIMINAL
    Relator, § COURT OF APPEALS,
       §
    V. § AUSTIN, TEXAS,
       §
HON. B. MICHEAL CHITTY §
    Respondent, §

## PETITION FOR WRIT OF MANDAMUS

Comes now, DARRYL R. GORDON, Relator, to file this Petition for a WRIT OF MANDAMUS pursuant to the Texas Rules of Appellate Procedure 52, and for good cause as Relator is illegallt restrainded and confined of his liberty in direct violation of the U.S. and TEXAS CONSTITUTION, BEING HOUSED IN THE Texas Department of Criminal Justice Correctional Division , on thd Jester 3 unit, Richmond, Tx, 77406.

### I. STATEMENT OF JURISDICTION

Under Article V. Section 3 of the Texas Constitution and Section 22.002(a);
of the Texas Goverment Code which grants the Supreme Court of Texas to issue a Writ of Mandamus.

### II. PARTIES

Relator, Darryl R. Gordon is an individual seeking Habeas corpus Relief in Criminal Cause: 30600A-422
Respondent, Hon. Judge B. Micheal Chitty of the 422nd. District court of Kaufman county, Kaufman, Tx 75142

1.

### III. HISTORY OF PROCEDURE(ing)

Relator, was indicted for the offence of Evading Arrest with a Motor vehicle in Cause #30600; the offence was alledged to have been committed on or about November 17,2011 in Kaufman county, Kaufman, Texas. the court gave notice of intent to in= enhance the punishment. A trial by jury was conducted on Oct. 29,2012 and Relator was found guilty and sentenced to Life in the Texas Department Of Criminal justice. Relator would file an Appeal on March, 2012 and appeal would be Affirmed on November 19,2013 Cause # 05-12-01520-CR. Relator would file a P.D.R. on December 31,2013 the same was refused on March 12,2014. Relator would file his original Writ of Habeas corpus in June2014 and the Respondent would issue an order **DESIGNATING ISSUES BASED ON** THERE BEING **CONTROVERTED AND PREVIOUSLY UNRESOLVED FACTS,** In said order the Hon. Judge Chitty would order Affidavits from both the trial Attorney and Appellate Attorney. The order handed down on July 30,2014 gave the attornies until September 1,2014 to file said affidavit and present a copy to the counsel for the State. the State in the same order was given no more than 30, days to file a reply brief in responce to the Relator's allegations including documentary evidence to support their finding.

### IV. ISSUES PRESENTED

Relator will seek to prove by the record that the said order has been violated by the State as well as the Hon. Judge, the record has fallen silent after the said affidavit was filed by both Attornies, the Court has failed to take any action.

2.

## V. ISSUE ONE

The DISTRICT COURT, Respondent, Abused it's discretion by failing to perform a basic ministerial duty by Not adhearing to the order of the court and violating the appellate procedure.

## Argument and Authorities

Mandamus is an extraordinary writ that should be issued only when the Trial court has clearly abused it's discretion, or failed to perform a ministerial act or duty and no adequate remedy of law exists. see:Walker V. Packer,827 S.W. 2d 833 (Tex.1992).

In addition, a writ of mandamus will issue to correct a clear abuse of discretion. see: In re Nitla S.A.,925 S.W.3d 419,422 (Tex.2002); see also Liberty Nat'l Fire Ins. Co. V. Akin,927 S.W.2d 627,629 (Tex.1996); accord Walker, 827 S.W.2d at 839, A trial court application of legal principle is reviewed for abuse of discretion seperately from it's resolution of factual disputes.

·**Abuse of Discretion**

The Respondent committed an error by not up holding order of the court or follow the rules set out in the Rules of Appellate procedure. According to * **Rules of Appellate Procedure,73.5;**

"Within 180 days from the date of reciept of the application by the State, the convicting court shall resolve any issue that the court has timely designated for rerolution, Any motion for an **Extention of time...**

must be filed in theCourt Of Criminal Appeals before the **181day**

3.

•Abuse of Discretion cont's

The record supports the fact that Respondent is in violation of rule 73.5 of Rules of Appellate Procedure, in that there has been no reply from the State nor a Reccomendation by the Respondent in well over THREE HUNDRED, SIXT FIVE DAYS,(365).

The Respondent has failed to respond to any objection made by the Relator over the past year. The Relator has written letters to the Respondent as well as the District Clerk with out a response. the record itself will show that the Respondent never filed for an Extention of time by the dead line of the 181day and based on this Violation this writ of mandamus should be granted.

•Consequential Damages

The Texas Constitution demands that it's habeas process be "speedy and Effectual", Texas Constitution Artcle I § 12. Through the failure of basic judicial ministerial acts the Respondent has caused the habeas process to be non-effectual. The record will prove that Relator's constitutional rights has been violated through every stage of this case, such as:

Respondent failure to answer Relator's Motion for New Trail.

Respondent failed to hold a Faretta hearing.
Respondent failure to appoint requested counsel.
Respondent failure to order a Competency hearing.

Respondent failure to answer any objections.

The record will show that Relator has no adequate way to vindicate the harm caused to him without Mandamus.

4.

# VI. CONCLUSION

In <u>Ex Parte Harleston</u>,431 S.W.3d 67(Tex. Crim App. 2014)

The court held that when receiving a habeas corpus finding of fact and conclusion of Law, We defer to those findings and conclusions if they are supported by the record, We refer to those findings by the record because habeas court is the original fact finder and in the best position to evaluate the credibility;

However our deference is nor a Rubber Stamp and We can envoke our authority as the ultimate fact finder.....when it's independent review of the record reveals that the trial Judge's findings and conclusion are not supported by the record.

In this case the Relator petitions the Court to review the record against the exihibits presented here in.

May Mandamus be Granted with out delay out of Fairness and repsect for the Rudimetary demands for Justice.

Respectfullt Submitted,

*Darryl Raynard Gordon*

DARRYL RAYNARD GORDON

## UNSWORN DECLARATION

I, _DARRyl R. Gordon_ T.D.C.J.# _1852266_ ,do hereby declare under penalty of perjury that the facts here in are true and correct to the best of my knowledge.

*Darryl Raynard Gordon*

DARRYL RAYNARD GORDON

## EXHIBITS

1. JUDGEMENT OF CONVICTION

2. ORDER DESIGNATING ISSUES

3. LETTER TO COURT OF CRIMINAL APPEALS

4. AFFIDAVIT IN FACK (DENNIS JONES)

5. AFFIDAVIT APPOINTED ATTORNEY

**CERTIFICATE OF SERVICE:** This is to certify that on, _October 2nd_ ,2015, a true and correct copy of the above and foregoing writ of mandamus was placed in the U.S.mail to The Court Of criminal Appeals atP.O. BOX12308, Capitol Station, Austin, Tx.78711

SIGNED BY:

DARRYL RAYNARD GORDON
3JESTER RD. #1852766
RICHMOND,TX.77406

Pro' Se'

6



COUNT

CASE No. 30600-422

THE STATE OF TEXAS

V.

DARRYL RAYN. EXHIbit

STATE ID No.: TX-03

§
§
§
§
§
§
§

FILED FOR RECORD
IN THE 422ᴺᴰ DISTRICT COUNTY
TEXAS

OF    2012 OCT 30  PM 3: 34

KAUFMAN COUNTY, TEXAS
RHONDA HUGHEY
DISTRICT CLERK

BY_____DEPUTY

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | HON. B. Michael Chitty | Date Judgment Entered: 10/30/2012 |
| Attorney for State: | Mike McLelland | Attorney for Defendant: Pro Se |

Offense for which Defendant Convicted:

**EVADING ARREST DETENTION W/VEH**

| Charging Instrument: | Statute for Offense: |
|---|---|
| Indictment | §38.04 |

Date of Offense:
11/17/2011

| Degree of Offense: | Plea to Offense: |
|---|---|
| 3rd Degree Felony | Not Guilty |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| Guilty | was not |

| Plea to 1ˢᵗ Enhancement Paragraph: | Not True | Plea to 2ⁿᵈ Enhancement/Habitual Paragraph: | Not True |
|---|---|---|---|
| Findings on 1ˢᵗ Enhancement Paragraph: | True | Findings on 2ⁿᵈ Enhancement/Habitual Paragraph: | True |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| Jury | 10/30/2012 | 10/30/2012 |

Punishment and Place of
Confinement:     **LIFE in TDCJ - ID**

### THIS SENTENCE SHALL RUN CONCURRENTLY.

[] SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR  YEARS.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $-0- | $329.00 | $-0- | n/a |

[X] Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was n/a.

|  | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From 11/17/11 to 11/18/11     From 3/27/12 to 3/27/12     4/5/12 to 4/10/12 |
| | 5/19/12 to 10/30/12 |

Time
Credited:

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.
**DAYS   NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Kaufman County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

[ ] Defendant appeared in person with Counsel.

[X] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

83

30600A-422

EX PARTE

DEFENDANT'S EXHIBIT 2

DARRYL RAYNARD GORDON

IN THE 422nd JUDICIAL

DISTRICT COURT OF

KAUFMAN COUNTY, TEXAS

## ORDER DESIGNATING ISSUES AND GRANTING THE STATE LEAVE TO FILE AN AMENDED ANSWER AFTER FURTHER EVIDENCE IS GATHERED

Pursuant to article 11.07(3)(d) of the Texas Code of Criminal Procedure, the Court finds that from the application for writ of habeas corpus filed by the applicant, there exist controverted and previously unresolved fact issues that are material to the legality of the applicant's confinement. The Court further finds and designates that these issues of fact to be resolved concern:

1. Whether his waiver of counsel was involuntary because he was incompetent to stand trial; and

2. Whether the applicant was denied the effective assistance of trial and appellate counsel because trial and appellate counsel failed to file motions to determine applicant's competence and because appellate counsel failed to assert as a point of error trial counsel's failure to contest competence.

Therefore, pursuant to article 11.07(3)(d), the Court will resolve the above-cited issues and enter findings of fact. To aid the Court in resolving the above-cited issues, the Court orders that the applicant's appointed counsel, Michael Harris and Dennis Jones, prepare and file affidavits responding to the issues set out above. Mr. Harris and Judge Jones are ordered to file such affidavits on or before September 1, 2014, and to tender copies of their affidavits to counsel for the State. The State shall be permitted to file an

1

amended answer in response to the applicant's allegations, including documentary evidence in support thereof, and such amended answer shall be filed by the State at a reasonable time not later than 30 days after defense counsel file their affidavits with this Court.

The Clerk of the Court is therefore **ORDERED** to transmit a copy of this order designating issues to the Court of Criminal Appeals. The Clerk of the Court is **ORDERED NOT** to transmit at this time any other documents in the above-styled case to the Court of Criminal Appeals until further ordered by this Court. The Clerk of the Court is further **ORDERED** to transmit a copy of this order to applicant, to attorney Michael Harris, to Judge Dennis Jones, and to the Kaufman County Criminal District Attorney's Office.

**SIGNED** this 30th day of July 2014.

_____
JUDGE PRESIDING

2

000003



Kaufman County

# Rhonda Hughey
## District Clerk

EXHibit

3

July 31, 2014

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

Court of Criminal Appeals
12308 Capitol Station
Supreme Court Building
Austin, Texas 78711

**RE:  Cause No. 30600A-422**
    **Ex Parte:  Darryl Raynard Gordon**

Dear Clerk,

Enclosed please find the  Clerk's Record  for Writ of Habeas Corpus to be filed in your Court regarding the captioned cause.

If  you  have any questions, please contact our office.

Sincerely,

Rhonda Hughey
District Clerk
Kaufman County, Texas

RH/dw

Cc:  Erleigh Norville Wiley,  District Attorney
     Darryl Raynard Gordon, Applicant
     Michael Harris, Attorney
     Judge Dennis Jones

DEFENDANT'S EXHIBIT 4

30600A 422

Ex Parte          In the 422nd District Court

Darryl Raynard Gordon          Kaufman County Texas

## AFFIDAVIT IN FACT

My name is Dennis Jones and I am a licensed attorney in the State of Texas. I am currently the presiding judge in the County Court at Law # 1 Kaufman County Texas. I have been practicing law since 1979 primarily in the area of criminal law—both trial and appellate.

I was the appellate attorney in the above numbered cause appointed to represent Mr. Gordon in November 2012. I completed the brief on his behalf and submitted it to the appellate court. Before the appellate court's opinion came out, I was appointed to the CCL bench. The trial court allowed me to withdraw my appellate representation and the trial court appointed another attorney as appellate counsel. From beginning to end, I personally met with Mr. Gordon at least twice. Most of my communication was by correspondence. I received approximately/ at least eight (8) letters from Mr. Gordon and I responded about the same. During my face to face meetings, I thought and believed Mr. Gordon to be personable , communicative and friendly. I did not have any trouble understanding what he said, what he wanted or how to proceed. I found him to be above average intelligence—actually he was pretty sharp. The letters that I received from him were the same (i.e. focused, understandable, diligent). Never in my duration of his representation did I ever feel that Mr. Gordon was incompetent. From my reading of the statement of facts, I believed that Mr. Gordon was competent. I did not assert as a point of error the trial counsel's failure to contest competence because I did not believe the evidence supported such a point of error. I

did not ever file a motion to determine competence of Mr. Gordon because I did not feel that he was incompetent.

This affidavit is true and correct to the best of my knowledge.

Dennis Jones



Signed and sworn to before me this August 4, 2014, by Dennis Jones.

ANGIE TIJERINA
Notary Public
STATE OF TEXAS
My Comm. Exp. July 12, 2015

Angie Tijerina
Notary Public



EXHibit
5

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

CAUSE NO. 30600A-422

)(    IN THE 422ND    2014 AUG -7 AM 8: 58

EX PARTE                                    )(
                                            )(    DISTRICT COURT OF DISTRICT CLERK
DARRYL RAYNARD GORDON                       )(                    BY_____ DEPUTY
                                            )(    KAUFMAN COUNTY, TEXAS

## FORMER COURT APPOINTED ATTORNEY'S AFFIDAVIT

COMES NOW MICHAEL RAY HARRIS, former court appointed attorney for the applicant Darryl Raynard Gordon in the above-referenced case who files this affidavit in response to the court order issued on July 30, 2014 to help resolve the following issues of fact:

ISSUE 1.    Whether the applicant's waiver of counsel was involuntary because he was incompetent to stand trial; and

ISSUE 2.    Whether the applicant was denied the effective assistance of trial and appellate counsel because trial and appellate counsel failed to assert as a point of error trial counsel's failure to contest competence.

1.    Kaufman County originally appointed the affiant to represent Darryl Raynard Gordon for the charge of Unlawful Use of a Motor Vehicle. The affiant immediately suspected Darryl Raynard Gordon was an Antisocial Personality Type. The symptoms of this disorder are: irresponsible, deceitful, poor regard for rights of others, lack of empathy and remorse, violates social norms, and exploitive. **The Darryl Raynard Gordon's behavior since the time of the original appointment continues to support a diagnosis of Antisocial Personality Disorder.** The affiant does not believe an Antisocial Personality Disorder supports a claim of incompetence to stand trial and/or voluntarily waiver of counsel.

2.    The affiant told Darryl Raynard Gordon he got arrested for Unlawful Use of a Motor Vehicle while working as a Confidential Informant for the Terrell Police Department. The affiant persuaded Assistant District Attorney Shelton Gibbs to release the affiant on a personal recognizance bond. The affiant subsequently got arrested by the same police officer he worked for as a confidential informant for an Armed Robbery that affiant heard Darryl Raynard Gordon later plead guilty to.

3.    The Kaufman County District Attorney's office reassigned the affiant's cases to Mark Hasse who told the affiant that there were four possible felony charges against the affiant with two prior felony convictions resulting in penitentiary sentences. This meant Darryl Raynard Gordon faced possible punishment of 25 to 99 years in the penitentiary under the Habitual Offender sections of the Texas Penal Code. The affiant sent a letter to Darryl Raynard Gordon that Mark Hasse planned to keep taking his cases to trial until getting a long prison sentence.

4. Darryl Raynard Gordon claimed he was entitled to "a lawyer who believes in me." The affiant told Darryl Raynard Gordon his job as a court appointed lawyer was to tell defendants what the *needed* to hear—not what they *wanted* to hear. Darryl Raynard Gordon proceeded to be as difficult as possible for the affiant. The affiant told Darryl Raynard Gordon he was free to hire another attorney to take over the case. Yet the affiant was not going to merely pass a problem client onto another court appointed lawyer. The affiant also told Darryl Raynard Gordon he had the right to represent himself.

5. The affiant filed a motion notifying the trial court of the problems between the affiant and Darryl Raynard Gordon. The affiant specifically remembers the trial court judge on the record telling Darryl Raynard Gordon that he had been to the penitentiary twice with the assistance of counsel and asked, "What makes you think you're going to do any better without one?" Darryl Raynard Gordon insisted on representing himself and the trial court judge formally relieved the affiant of his duties as court appointed lawyer.

6. Darryl Raynard Gordon subsequently filed a grievance against the affiant claiming the affiant acted in "an unprofessional manner". The State Bar Grievance Committee chose not to pursue the claim. Darryl Raynard Gordon appealed the ruling that the affiant did not violate the Rules of Professional Conduct. The Board of Disciplinary Appeals affirmed the committee ruling.

Respectfully submitted,

MICHAEL RAY HARRIS
Texas State Bar No. 24003768

6051 Clearwater Ranch Rd.
Wills Point, Tx 75169
Tel: 972-563-3205
Fax: 972-563-3208
info@michaelrayharris.com