

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00016-CV

**IN RE Michele Carey GARCIA**

Original Mandamus Proceeding[1]

Opinion by:     Beth Watkins, Justice
Dissenting Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Beth Watkins, Justice

Delivered and Filed: January 14, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On January 10, 2022, relator Michele Carey Garcia filed a petition for writ of mandamus and a motion for emergency relief challenging a January 6, 2022 trial court order granting injunctive relief to real party in interest Rogelio Lopez, Jr. On January 10, 2022, this court issued an order granting Garcia's requested temporary emergency relief and requesting responses to her petition. After reviewing Garcia's petition, the response and supplemental response of real party in interest Lopez, and the documents attached to the petition and responses, we concluded Garcia had shown she is entitled to the relief requested in her petition for writ of mandamus. As a result,

---

[1] This proceeding arises out of Cause No. 2021-CI-26103, styled *Rogelio Lopez, Jr. v. Monica Alcantara, Michele Carey Garcia and Albert Whitby*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel, Jr. presiding.

on January 11, 2022, we issued an order conditionally granting mandamus relief. We now issue this written opinion. TEX. R. APP. P. 47.1; TEX. R. APP. P. 52.8(d).

## BACKGROUND

The trial court's challenged order resulted from an "Original Petition and Application for Temporary Restraining Order and/or Temporary and/or Permanent Injunction" filed by Lopez, who is currently the sole judge for the Bexar County Justice of the Peace Court, Precinct 4. While Precinct 4 previously had two positions—Place 1 and Place 2—the Bexar County Commissioners Court abolished Place 2 effective December 31, 2018. Garcia seeks to have her name placed on the 2022 Democratic Party primary ballot for the office Lopez currently holds.

In his trial court petition, Lopez argued Garcia's application to have her name placed on the primary ballot was fatally defective because her application "listed the candidate office as 'Justice of the Peace, Precinct 4' but failed to include the place number as 'Place 1.'"[2] After a hearing, the trial court signed a January 6, 2022 permanent injunction order that:

1) found Bexar County Democratic Party chair Monica Alcantara's decision to place Garcia's name on the 2022 Democratic Party primary ballot as a candidate for Bexar County Justice of the Peace, Precinct 4, Place 1 was not permitted under sections 141.032(a), (c), and (e) of the Texas Election Code and that Alcantara therefore should have rejected Garcia's application;

2) directed Alcantara to "take all steps necessary to prevent the printing of the ballots for the office of Judge of the Justice of the Peace, Precinct 4, Place 1" that include Garcia's name, "including withdrawing any certification or request she has made for printing of said ballots";

3) permanently enjoined Alcantara and the Bexar County Democratic Party from allowing Garcia to appear on the 2022 Democratic Party primary ballot as a candidate for "Judge of the Justice of the Peace, Precinct 4, Place 1";

4) required Alcantara to withdraw any previous certification of Garcia's name to appear as a candidate on the primary ballot for the 2022 Democratic Party Primary for the office of

---

[2] Before he sought injunctive relief in the trial court, Lopez sought substantially similar mandamus relief in this court. In that proceeding, this court denied Lopez's request for mandamus relief. *See In re Lopez*, No. 04-21-00558-CV, 2021 WL 6057832, at *1 (Tex. App.—San Antonio Dec. 22, 2021, orig. proceeding).

Judge of the Justice of the Peace, Precinct 4, Place 1 and restrained her from re-certifying Garcia's name to appear on the ballot;

5) found Garcia's application was defective under the Texas Election Code; and

6) required Alcantara to reject Garcia's application to appear on the 2022 Democratic Party primary ballot and to withdraw any previous certification of Garcia to appear on the ballot.

Garcia then sought mandamus and temporary emergency relief from this court.

On January 10, 2022, this court granted Garcia's request for emergency relief, stayed the trial court's January 6, 2022 order as to Garcia, ordered Lopez to file a response to Garcia's petition, and invited a response from respondents Alcantara and Gabriel, as well as from Bexar County Elections Department Administrator Jacquelyn F. Callanen.[3]

## ANALYSIS

### Standard of Review

"Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law." *In re Mansour*, 630 S.W.3d 103, 105 (Tex. App.—San Antonio 2020, orig. proceeding). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Id.* (quoting *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding)). "A trial court has no discretion to determine what the law is." *In re Francis*, 186 S.W.3d 534, 538 (Tex. 2006) (orig. proceeding).

### Applicable Law

The Texas Election Code provides that a candidate's application for a place on the ballot must include, inter alia, "the office sought, including any place number or other distinguishing number[.]" TEX. ELEC. CODE ANN. § 141.031(a)(4)(C). Similarly, where a candidate's application

---

[3] Callanen was not a party below, but she was listed as a respondent in Garcia's petition for writ of mandamus.

is required to be accompanied by a petition for a place on a primary ballot, the petition must include a statement that includes, inter alia, the title of the office the candidate seeks, "including any place number or other distinguishing number[.]" TEX. ELEC. CODE ANN. § 172.027. "[T]he authority with whom the application is filed shall review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot." TEX. ELEC. CODE ANN. § 141.032(a). "If an application does not comply with the applicable requirements, the authority shall reject the application[.]" TEX. ELEC. CODE ANN. § 141.032(e).

The Texas Supreme Court has held "that the omission of any statutorily required information on a petition renders signatures on that petition invalid." *In re Francis*, 186 S.W.3d at 539. The supreme court has also held that where a place number is statutorily required but is not listed on a petition, that defect can render the petition invalid and require a party chair to reject the candidate's application. *See id.* The *In re Francis* court further noted, however, that "[w]hen a petition does not contain all the required information, there is a potential for voter confusion or fraud," but nevertheless recognized that "[p]unishing every minor error as if it were a case of confusion or fraud . . . frustrates the intentions of many voters who willingly signed their petitions." *Id.* at 542. The Texas Supreme Court has also held that in reviewing provisions of the Election Code, we must consider the purpose of those provisions. *See id.* at 540; *In re Bell*, 91 S.W.3d 784, 786 (Tex. 2002) (orig. proceeding).

### *Application*

Here, it is undisputed that Garcia's application states that she seeks election to "Justice of the Peace, Precinct 4" and that both the application and some of Garcia's supporting petitions fail to include the "Place 1" designation that Lopez argues is required by the Election Code. Lopez

contends, and the trial court agreed, that this omission renders Garcia's application and petitions fatally defective and therefore required Alcantara to reject Garcia's application.

As Lopez correctly notes, the Election Code provides that where a place designation is required, the omission of such a designation will render a candidate's application and supporting petitions invalid. TEX. ELEC. CODE § 141.031(a)(4)(C); TEX. ELEC. CODE § 172.027; TEX. ELEC. CODE § 141.032(e). Nevertheless, we disagree with Lopez's assertion that a place number was statutorily required under these circumstances. The record in this case shows that as recently as 2017, there were "two Justices of the Peace in Bexar County Precinct 4," and those two positions were designated as "Place 1" and "Place 2." But on October 17, 2017, the Bexar County Commissioners Court issued an order abolishing Place 2 "effective at the end of the day, December 31, 2018." Nothing in the record shows the Bexar County Commissioners Court has ever reinstated Place 2, and Garcia's application and petitions post-date the December 31, 2018 abolishment of Place 2. Accordingly, the record unequivocally shows that when Garcia completed her application and collected voter signatures to permit her to run for election to Bexar County Justice of the Peace, Precinct 4, only one "place" existed for that office.

In this court, Lopez contends that a place number was required here because "Bexar County and the Bexar County Elections Department clearly recognize[] that these are two distinct offices for Justice of the Peace in Precinct 4." He supports this statement with an affidavit from Jacquelyn F. Callanen, Administrator for the Bexar County Elections Department. In her affidavit, Callanen averred that "the official name of the position" Lopez holds and Garcia seeks "was not changed by Commissioner's Court" when Place 2 was abolished "and will be listed on the ballot as 'Justice of the Peace, Precinct 4, Place 1.'" The mandamus record also shows: (1) Garcia's campaign treasurer appointment includes the Place 1 designation; and (2) the position at issue here was

designated as "Precinct 4, Place 1" on the November 2018 ballot.[4] While the mandamus record supports a conclusion that Bexar County—and even, on occasion, Garcia herself—still refers to the office in question as "Justice of the Peace, Precinct 4, Place 1," it does not show, as Lopez asserts, that "two distinct offices" actually exist in Precinct 4.

Lopez also argues that the Election Code does not permit Garcia to cure her application. However, Garcia does not seek to cure her application; instead, she essentially argues that there is no defect that must be cured. Under these circumstances, we agree. The omission of "Place 1" from Garcia's application and petitions posed no possible threat of confusing or misleading the voters who signed her petitions, because there is no other place to which she could seek election to the Bexar County Justice of the Peace, Precinct 4.

We are required to strictly construe the Election Code *against* a candidate's ineligibility to appear on the ballot. *See In re Green Party of Tex.*, 630 S.W.3d 36, 37 (Tex. 2020) (per curiam). This is because "[a] candidate's access to the ballot lies at the very heart of a constitutional republic." *Id.* (internal quotation marks omitted). Here, Place 2 simply does not exist anymore; Place 1 is the only position that exists in the Bexar County Justice of the Peace, Precinct 4. Interpreting the Election Code to require a place designation on Garcia's application and petitions under these circumstances would require us to construe the Election Code *in favor of* Garcia's ineligibility to appear on the ballot. Binding Texas Supreme Court precedent simply does not allow us to do so. *See id.*; *see also In re Francis*, 186 S.W.3d at 542 ("As we have noted many times in recent years, provisions that restrict the right to hold office must be strictly construed against ineligibility."); *Wentworth v. Meyer*, 839 S.W.2d 766, 768 (Tex. 1992).

---

[4] We note, however, that the November 2018 ballot preceded the December 31, 2018 effective date of the abolishment of Place 2.

The dissent analyzes this issue differently and would hold that the mandamus record contains conflicting evidence about whether Place 1 was eliminated from the office designation of Justice of the Peace, Precinct 4. Accordingly, the dissent would hold that the trial court did not commit a clear abuse of discretion by concluding the Election Code required Garcia to include the Place 1 designation on her application. However, the legislature's stated intention for the Election Code as a whole is, inter alia, "to reduce the likelihood of fraud in the conduct of elections" and to "promote voter access" and, again, the Texas Supreme Court instructs us to consider the purpose of the Election Code when construing it. TEX. ELEC. CODE ANN. § 1.0015; *see also Francis*, 186 S.W.3d at 540; *In re Bell*, 91 S.W.3d at 786. Here, there is no conflicting evidence about whether there are multiple elective offices for Justice of the Peace, Place 4; it is undisputed that only one such office exists. As a result, a rejection of Garcia's application based on the omission of the Place 1 designation does nothing to prevent "fraud in the conduct of elections." *See id.* It does, however, both deny her access to the ballot and silence the voices of the voters who signed a petition in support of her place on the ballot. *See id.* Because the trial court's ruling is inconsistent with both the legislature's stated purpose for the Election Code and the supreme court's instruction that we must strictly construe the Election Code against ineligibility, we hold that under these circumstances, the trial court committed a clear abuse of discretion. *See id.*; *In re Green Party of Tex.*, 630 S.W.3d at 36; *In re Francis*, 186 S.W.3d at 542.

The dissent argues, "Because any alleged defect on an accompanying petition is not at issue here, the majority's analysis directed at the petition and reliance on *In re Francis* . . . is inapposite." It is true that Lopez's trial court pleading focused on Garcia's application, not her supporting petitions. However, we see nothing in *In re Francis* indicating that the supreme court would reach a different conclusion as to defects in an application as opposed to a petition. *See In re Francis*, 186 S.W.3d at 536. The court began by noting that it "must address once again whether the Texas

Election Code requires minor defects in a candidate's *papers* to be addressed by eliminating the error or the candidate." *Id.* (emphasis added). It also explained that "the Election Code anticipates that candidates will occasionally err and specifically requires party officials to assist them so that no candidate is excluded from the ballot unnecessarily." *Id.* The court emphasized that it had previously held that where, as here, "a statute is silent as to a penalty [for non-compliance with an Election Code provision], we must look to the statute's purpose for guidance." *Id.* at 540. The court explained:

> Punishing every minor error as if it were a case of confusion or fraud not only punishes some candidates too much, but also frustrates the intentions of many voters who willingly signed their petitions. . . . Party chairs are not required to be lawyers, nor are they required to be perfect. They have a very limited time to review thousands of papers during the window in which they must be filed. In such circumstances, they do not need the added burden that their own minor mistakes (when looking for the minor mistakes of others) might destroy a candidate's public career. . . . The public interest is best served when public offices are decided by fair and vigorous elections, not technicalities leading to default.

*Id.* at 542. Additionally, as is specifically relevant to this dispute, the *In re Francis* court explicitly noted that the missing place number in that case was significant because there were "three seats on the Court of Criminal Appeals [the court for which the *Francis* relator sought to appear on the ballot] up for election this year." *Id.* at 538–39.

We disagree with the dissent's conclusion that this analysis does not apply where, as here, one candidate has challenged another's application rather than her accompanying petitions. Indeed, the supreme court itself has cited *In re Francis* in election disputes that do not involve deficiencies in a candidate's petitions. *See In re Green Party of Tex.*, 630 S.W.3d at 37, 39.

We also conclude that under these unique circumstances, Garcia lacks an adequate remedy by appeal. Ordinarily, an order that disposes of all parties and all issues is a final order that may be challenged on direct appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204, 206 (Tex. 2001). Here, the trial court's injunction order appears to satisfy that general rule. However, the

trial court signed the order on January 6, 2022, and the parties agree—and the record shows—that the Bexar County Elections Board must begin printing ballots by January 13, 2022. This pending deadline simply does not permit sufficient time to resolve the issues in a direct appeal before this dispute ceases to present a live controversy. *See, e.g.*, *In re Woodfill*, 470 S.W.3d 473, 480–81 (Tex. 2015) (per curiam). Additionally, Garcia stands to lose a substantial right—her ability to appear on a ballot for elective office—if this dispute were permitted to become moot while the parties were waiting for relief on direct appeal. *See, e.g.*, *In re Green Party of Tex.*, 630 S.W.3d at 37. Where "even an expedited appeal could not be completed before the issue became moot or was otherwise inadequate"—a circumstance the Texas Supreme Court recognizes may occur "[w]hen a candidate has been denied a place on the ballot due to official error"—we may review an injunction order in a mandamus proceeding. *See In re Francis*, 186 S.W.3d at 538, 543; *see also id.* at 545 (Wainwright, J., dissenting).

## CONCLUSION

We conditionally grant Garcia's petition for writ of mandamus. The trial court is directed to vacate the portions of its January 6, 2022 injunction order that:

1) find that the decision by Bexar County Democratic Chair Monica Alcantara to place relator Michele Carey Garcia's name on the primary ballot for the 2022 Democratic Party Primary for the office of Judge of the Justice of the Peace, Precinct 4, Place 1 is not permitted by the Texas Election Code and that Alcantara therefore should have rejected Garcia's application;

2) direct Alcantara to "take all steps necessary to prevent the printing of the ballots for the office of Judge of the Justice of the Peace, Precinct 4, Place 1" that include Garcia's name, "including withdrawing any certification or request she has made for printing of said ballots";

3) permanently enjoin Alcantara and the Bexar County Democratic Party from allowing Garcia to appear as a candidate on the primary ballot for the 2022 Democratic Party Primary for the office of Judge of the Justice of the Peace, Precinct 4, Place 1;

4) require Alcantara to withdraw any previous certification of Garcia's name to appear as a candidate on the primary ballot for the 2022 Democratic Party Primary for the office of

Judge of the Justice of the Peace, Precinct 4, Place 1 and restrain her from re-certifying Garcia's name to appear on the ballot;

5) find Garcia's application was defective under the Texas Election Code; and

6) require Alcantara to reject Garcia's application to appear as a candidate on the primary ballot for the 2022 Democratic Party Primary for the office of Judge of the Justice of the Peace, Precinct 4, Place 1.[5]

As our previous order explained, the writ will issue only if the trial court fails to comply by January 12, 2022.

Beth Watkins, Justice

---

[5] Our opinion and order do not affect the portions of the January 6, 2022 order that pertain to Albert Whitby, who is a party to the trial court's order but not to this mandamus proceeding.