**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00151-CV**
_____

**IN RE KLS CONSTRUCTION, LLC**

**Original Proceeding**
**411th District Court of Polk County, Texas**
**Trial Cause No. CIV-23-0048**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, KLS Construction, LLC contends the trial court abused its discretion by severing what it argues is an indivisible property damage claim into two separate lawsuits and by transferring the severed case to another county. We deny mandamus relief.[1]

---

[1] KLS included copies of the two orders in its appendix to the mandamus petition, but omitted the live pleadings, the motion to sever, the response to the motion to sever, and the motion for reconsideration. *See* Tex. R. App. P. 52.3(k)(1)(A) ("(1) Necessary Contents. The appendix must contain: (A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of[.]"). In considering the mandamus petition, we have presumed KLS accurately described the documents that have been filed in the trial court.

According to KLS, a semi-tractor owned by KLS sustained damage in a collision between vehicles operated by an employee of KLS and Gavin Larsen. KLS says Rush Truck Centers of Texas, L.P. d/b/a Rush Truck Center Lufkin performed repairs paid for by Larsen's liability insurance carrier and KLS has alleged Rush failed to completely repair the semi-tractor, which required extensive further repairs with significant additional down time.

Seeking property damage, cost of repair, and loss of use of the property damaged, KLS says it sued Larsen for negligence and in the same lawsuit sued Rush for breach of contract and breach of implied warranty. According to KLS, Kenneth Linn Dawson, the driver of KLS's semi-tractor, intervened alleging personal injuries. It is not clear from the record before us but an additional personal injury claimant may have intervened in the lawsuit.

The trial court granted Rush's motion to sever KLS's cause of action against Rush from the causes of action brought by KLS against "the remaining defendants," then granted Rush's motion to transfer venue of KLS's breach of contract suit against Rush to Angelina County. KLS claims it pleaded that the acts and omissions of both Rush and Gavin Larsen are the sole proximate cause of its damages and that it seeks the same damages from Rush and Gavin Larsen. KLS argues the same jury should decide the value of the damage to the semi-tractor, the fair market value of the semi-tractor, and the damages for loss of its use.

2

"Any claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. "Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court." *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996) (orig. proceeding). Severance is proper when: (1) the controversy involves multiple causes of action; (2) the severed claim could be asserted independently in a separate lawsuit; and (3) the severed claim is not so interwoven with the other claims that they involve the same facts and issues. *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience*." Guar. Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990).

The controversy brought by relator involves multiple causes of action and the severed claim against Rush could be asserted independently. The relator has not shown that the facts and issues to be resolved in the severed action are so interwoven with the remaining claims that they involve the same facts and issues. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 8, 2024
Opinion Delivered May 9, 2024

Before Golemon, C.J., Horton and Wright, JJ.

3